418 So.2d 1330 (1982)
STATE of Louisiana
v.
Jessie COMMODORE and Darryl Simms.
No. 82-K-0073.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 17, 1982.
*1331 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Oliver Johnson, Asst. Dist. Atty., for relator.
Tilden Greenbaum, Martin Regan, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for respondents.
BLANCHE, Justice.
Defendants, Jessie Commodore and Darryl Simms, were charged by bill of information with possession of Pentazocine in violation of R.S. 40:969. Prior to trial, defendants moved to suppress evidence seized in a search of Commodore's automobile. From a ruling by the trial court sustaining the motion to suppress, the state has applied to this Court. We find that the evidence was seized in a search incident to a lawful arrest based on probable cause, and reverse the judgment of the trial court ordering suppression of the evidence.
The facts underlying defendants' arrests and the search of Commodore's automobile are as follows: On August 10,1981 at about 10:00 p.m., two New Orleans police officers met with a confidential informant who stated that he had just witnessed a drug transaction in which "Jessie" was seen buying Talwin. The informant told the officers that "Jessie" was driving a big brown Buick, possibly an Electra, and that he had overheard "Jessie" and his two male companions say that they were going into the 9th Ward to deal the drugs. The informant did not know "Jessie's" last name, and did not recognize either of the two other men.
About fifteen minutes after receiving this information from the informant, the officers observed an individual known to them as Jessie Commodore driving a brown Buick Electra. Two other males were in the car, which was heading in the direction of the 9th Ward. The officers stopped the vehicle, and asked the driver to step out. Through the open door of the vehicle, the officers could see numerous small aluminum foil packets strewn about the rear seat and floorboard of the car. The other occupants were removed from the vehicle and told to stand with Commodore at the rear of the automobile. Examining the packets, the officers found them to contain sets of T's and Blues. Commodore and his two companions were advised that they were under arrest for possession of Talwin.
Contending that the officers had illegally stopped the vehicle, defendants Commodore and Simms moved to suppress the Talwin as evidence. At the hearing on the motion to suppress, the state presented the testimony of one of the arresting officers, Addie Fonguy. Fonguy testified that the confidential informant had been well known to him for *1332 two years. Information received from the informant had resulted in approximately ten to fifteen narcotics arrests and convictions during that time. Fonguy stated that the informant had never received compensation in exchange for information, and had never given incorrect information.
Fonguy also testified that he asked the informant if he had personally witnessed the drug transaction in which Commodore acquired the Talwin. The informant responded affirmatively, that he had seen "Jessie" and his companions purchase the drugs. The informant left the scene after Commodore put the packets containing the drugs into his pocket and walked out of the door.
Fonguy further testified that, a few minutes later, he and his partner observed Jessie Commodore driving a brown Buick Electra in the direction of the 9th Ward. The automobile was stopped and the discovery of the Talwin packets resulted. At the conclusion of the hearing on the motion to suppress, the trial court ruled that the officers did not have sufficient cause to stop the automobile, and ordered the suppression of the evidence.
The state contends that information obtained from the confidential informant provided probable cause for the officers to stop the automobile, and that the Talwin was seized in a search conducted incident to a lawful arrest of the vehicle's occupants. Under this argument, the validity of the seizure of the Talwin will turn upon the authority of the officers to arrest Commodore and his companions.
When a lawful arrest is made on probable cause, a search incident thereto of the person and the area in his immediate control is permissible as one of the well-defined exceptions to the rule that warrantless searches are per se unreasonable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Robinson, 342 So.2d 183 (La. 1977); State v. Wichers, 392 So.2d 419 (La. 1980). Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's knowledge, or of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 So.2d 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Robinson, supra; State v. Edwards, 406 So.2d 1331 (La. 1982). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men and, particularly, average police officers, can be expected to act. State v. Marks, 337 So.2d 1177 (La. 1976); State v. Edwards, supra.
Also relevant to the evidence in the instant case is C.Cr.P. art. 215.1, which recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Hathaway, 411 So.2d 1074 (La. 1982). Reasonable cause for an investigatory stop or detention is something less than probable cause, but requires the detaining officer to have sufficient knowledge of facts and circumstances to justify a reasonable suspicion that the person stopped has engaged in criminal activity. State v. Edsall, 385 So.2d 207 (La. 1980); State v. Hathaway, supra. Information obtained from a confidential informant may provide a police officer with reasonable cause to detain and question a suspect. State v. Robinson, supra; State v. Hathaway, supra. In such a case, both the credibility of the informant and the reliability of his information must be sufficiently demonstrated. State v. Brown, 370 So.2d 547 (La. 1979); State v. Hathaway, supra.
Reviewing the evidence in the instant case, we conclude that the officers had reasonable cause to conduct an investigatory stop of the brown Buick Electra. A reliable confidential informant told the officers that he had personally witnessed a Talwin sale. He gave the officers the first name of one of the purchasers and a description of the car in which the men were driving. The informant was also able to provide the officers with the probable destination *1333 of the three suspectshe had overheard one of the men say that they were going into the 9th Ward to deal the drugs.
Minutes later, the officers observed a car fitting the description given by the informant and driven by an individual they recognized as "Jessie" (the name of one of the defendants is Jessie Commodore). Two other men were in the car which was headed in the direction indicated by the informant. The officers' decision to stop the vehicle at that time was based upon reasonable cause, as required by C.Cr.P. art. 215.1.
Officer Fonguy approached the vehicle and asked the driver to step out. Through the open door, both officers clearly observed several small, aluminum foil packets on the rear seat and floor board of the automobile. The officers recognized the packets as common containers of contraband drugs. Discovery of the foil packets, coupled with the other information already within the officers' knowledge, gave rise to probable cause to arrest the suspects.
An arrest occurs when circumstances indicate an intent to effect an extended restraint on the liberty of an accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Wichers, 392 So.2d 419 (La. 1980); State v. Marks, supra. We are satisfied that the defendants were under arrest when they were removed from the vehicle and ordered to stand at the rear of the car. In a search incident to this lawful arrest, Officer Fonguy then seized and examined the tin foil packets.
As the Talwin was obtained in a legal manner, the trial court erroneously ordered its suppression as evidence. For the foregoing reasons, the ruling of the trial court on the motion to suppress is reversed and the case is remanded.
DIXON, C.J., and DENNIS, J., concur with reasons.
DIXON, Chief Justice (concurring).
I respectfully concur.
When the reliable informant told police he had just seen Jessie buy drugs, the police had probable cause to arrest Jessie.
PER CURIAM.
On application for rehearing, counsel calls to our attention that the only witness to testify at the hearing of the motion to suppress, Officer Fonguy, never stated, as reported in the Court's opinion, that the vehicle he stopped was either brown, or even a LeSabre or an Electra. not did he testify that he or his partner knew that "Mr. Commodore's" first name was Jessie. Counsel then suggests that if one deletes the words underlined above because they were in fact never testified to by the officer then one would be hard pressed to find reasonable cause for the defendant's investigatory stop. Counsel would be correct in the observation if all the officer testified to was that he observed "Mr. Commodore coming past us in a downtown direction." However, Officer Fonguy's further testimony concerns the information received by him and known to him at the time of his testimony; namely, that he had been advised by a reliable informant that the Buick was brown and either a LeSabre or an Electra, that they (defendants) were supposed to be going to the 9th Ward and possibly another destination and that the individual who was selling the illegal drugs was known to him as Jessie. Officer Fonguy then testified that he recognized Mr-Commodore from seeing him in the past.
Considering Officer Fonguy's testimony concerning the information he received and the fact of his having known Mr. Commodore in the past, we believe the evidence supports our finding that the officer had reasonable cause for an investigatory stop or detention of the defendant and the vehicle in which he was riding. For these reasons, the application for rehearing is denied.
DIXON, C.J., not participating.