CIACCIO, Judge.
Upon application of the State of Louisiana we granted certiorari to review the ruling of the trial judge granting defendant’s motion to suppress evidence. Our review of the record and the transcript of the hearing on the motion to suppress the evidence has convinced us that the ruling of the trial court was erroneous. We, therefore, reverse the ruling of the trial court and render judgment denying defendant’s motion to suppress the evidence.
New Orleans police detectives Robert McNeil and Michael Glasser arrested defendant on December 19, 1983, at approximately 2:00 p.m. The arrest resulted from the detectives’ response to information received by Detective McNeil from a confidential informant. The two detectives were the only witnesses to testify at the hearing on the motion to suppress evidence. Their testimony was similar concerning the events surrounding the arrest.
Detective McNeil testified as to the information he received as follows:
Approximately five minutes before the actual arrest of Mr. Stewart I received information from a reliable confidential informant to the effect that he had just purchased a retail quantity of heroin from a Leo Stewart, Negro male, approximately 48 years old, from inside Rose’s Tavern, described as 3901 Thalia Street. The informant stated that Stewart was dressed in a brown cap, black shirt, blue pants, brown shoes. The informant stated that the heroin purchased or procured from Mr. Stewart was secreted in the area of Mr. Stewart’s right sock, and the funds received in exchange for the heroin was [sic] placed by Mr. Stewart in his right front pants pocket.
Detective McNeil further testified that the informant indicated that his purchase of heroin from defendant had occurred immediately prior to the conversation with Detective McNeil.
The informant contacted Detective McNeil by telephone. Detective McNeil testified that this informant had supplied reliable information in the past which had led to arrests and convictions — three convictions which the detective could bring to mind.
After receiving the information, Detective McNeil secured the assistance of Detective Glasser, and the two went to Rose’s Tavern at 3901 Thalia Street. The detectives entered Rose’s Tavern through its front entrance and immediately “observed and recognized Mr. Stewart standing near the bar, dressed exactly as described by the informant.” Detective McNeil was personally acquainted with Stewart as a result of previous encounters.
The detectives confronted Stewart, advised him of his rights (presumably as per Miranda), and informed him that he was under investigation for possession of heroin. Detective McNeil then conducted a “pat-down” search of Stewart and discovered “a bulge in the subject’s right front pants pocket” and “a small bulge in the area of Mr. Stewart’s right sock.” Stewart was then formally placed under arrest and the detectives removed $255.00 in currency from his right front pants pocket and 13 tinfoil packets of heroin from his right sock.
The police procedure employed in this case is identical to that employed in previously reported cases wherein the Supreme Court approved of the procedure. See: State v. Jernigan, 377 So.2d 1222 (La.1979); State v. Bolden, 380 So.2d 40 (La.1980), and State v. Davis, 383 So.2d 1005 (La.1980). There are, however, important legal distinctions between those cases and this case which policemen, not trained as lawyers and required to act quickly and under pressure, might not be expected to recognize.
All of the cases cited above involved an anonymous tip concerning an individual in possession of a concealed firearm. After police received the information they located the suspect as described by the informant and detained him for investigatory pur *1210 poses. La.C.Cr.P. Art. 215.1. Having reasonable and articulable suspicion that the suspect was in possession of a dangerous weapon, the investigating officers searched the suspect as authorized by La.C.Cr.P. Art. 215.1 B.
The officers in this case followed this procedure. After receiving information from a confidential informant concerning an individual in possession of heroin, they located the suspect as described by the informant and detained him for investigatory purposes. La.C.Cr.P. Art. 215.1. Lacking any articulable reasonable suspicion that the suspect possessed a weapon, however, the police were not authorized to conduct a weapons frisk as was authorized in the other cases.
The “pat-down” conducted by Detective McNeil in this case, while certainly less intrusive than a full blown search, was, nevertheless, a search. This limited search, conducted without a warrant, must come within one of the exceptions to the warrant requirement or the evidence seized must be suppressed. The State suggests that the search was incident to a lawful arrest — one of the exceptions to the warrant requirement. To sustain the search as incident to a lawful arrest the police must have had probable cause to make an arrest at the time they confronted Stewart and searched him.
To determine whether the police had probable cause to arrest, we must review the totality of the circumstances surrounding the arrest. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Ruffin, 448 So.2d 1274 (La.1984).
Probable cause to arrest without a warrant exists when the facts and circumstances within the officer’s knowledge, or of which he had reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Edwards, 406 So.2d 1331 (La.1982); State v. Marks, 337 So.2d 1177 (La.1976). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Commodore, 418 So.2d 1330 (La.1982); State v. Edwards, supra; State v. Marks, supra.
A confidential informant may provide adequate information to establish probable cause for a warrantless arrest, so long as the basis for the information and the informant’s reliability, when examined under the totality of the circumstances, are established. Illinois v. Gates, supra; State v. Ruffin, supra; State v. Burton, 416 So.2d 73 (La.1983).
Detective McNeil testified that this informant had proven reliable and credible in the past by providing information which had led to arrests and convictions. The detective could bring to mind three convictions resulting from information provided by this informant. The detective was, therefore, justified in his belief that this confidential informant was of proven credibility. State v. Burton, supra; State v. Paciera, 290 So.2d 681 (La.1974).
The informant indicated to Detective McNeil that personal knowledge formed the basis of his information, i.e., the informant personally purchased heroin from Stewart and observed the storage locations of both the heroin and the money. The basis of the informant’s knowledge was credible since he personally observed the heroin. State v. Morris, 444 So.2d 1200 (La.1984); compare State v. Ruffin, supra, note the dissenting opinion by Justice Lemmon, footnote 2; see also State v. Roubique, 421 So.2d 859 (La.1982) and State v. Duncan, 420 So.2d 1105 (La.1982).
Additionally, much of the information supplied by the informant was corroborated by the detectives. State v. Buckley, 426 So.2d 103 (La.1982).
Under the totality of the circumstances we find that the detectives had probable cause to arrest defendant at the time of the “pat-down” based upon the information as supplied by this informant.
*1211 For a search to be incident to a lawful arrest, there must be an arrest. An arrest occurs when the circumstances indicate an intent to effect an extended restraint on the liberty of an accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Ruffin, supra; State v. Commodore, supra; State v. Wickers, 392 So.2d 419 (La.1980). We find that at the time the detectives confronted Stewart and restrained him to conduct the “pat-down” he was effectively and legally arrested.
Because the officers had probable cause to make the arrest, the arrest was lawful. La.C.Cr.P. Art. 213. A search incident to an arrest founded on probable cause is a recognized exception to the warrant requirement. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Buckley, supra. The evidence in this case was seized incident to the lawful arrest of defendant, and should not have been suppressed.
Accordingly, the ruling of the district court suppressing the evidence is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
SUPPRESSION OF EVIDENCE REVERSED; case remanded for Further PROCEEDINGS.