BYRNES, Judge,
dissenting with written reasons.
The majority correctly states that the job of the magistrate issuing a search warrant is to:
[M]ake a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that *532 contraband or evidence of a crime will be found in particular place. See Illinois v. Gates [462 U.S. 213], 103 S.Ct. 2317 at 2322 [76 L.Ed.2d 527] (1983).
One of the key phrases here is the “veracity ... of the person supplying hearsay information ...” Two elements which help determine the reliability of an informant are the detail the informant supplies and independent corroboration of this information.
The cases upon which the majority relies involve highly detailed information which was ultimately corroborated. The most recent case, State v. Stewart, 451 So.2d 1208 (La.App. 4th Cir.1984), involved a warrant-less arrest, in which one of the arresting detectives testified as follows:
Approximately five minutes before the actual arrest of Mr. Stewart I received information from a reliable confidential informant to the effect that he had just purchased a retail quantity of heroin from a Leo Stewart, Negro, male approximately 48 years old, from inside Rose’s Tavern, described as 3901 Thalia Street. The information stated that the heroin purchased or procured from Mr. Stewart was secreted in the area of Mr. Stewart’s right sock, and the funds received in exchange for the heroin was [sic] placed by Mr. Stewart in his right front pants pocket. Id. at 1209.
Clearly, the informant’s tip in Stewart was extremely detailed. Further, every element of this information was corroborated through the surveillance by the arresting officers. These circumstances, combined with the informant’s past record and his first hand knowledge, lead to the conclusion that the informant in Stewart was reliable.
In the instant case we are presented with a somewhat different situation in that the issue here is the suppression of a search warrant as opposed to a warrantless arrest as in Stewart. Additionally, because a warrant was issued, the district court had the opportunity to review the affidavit used to obtain the warrant as well as the testimony of the arresting officer. However, the veracity of the informant remains a key issue.
In the case at bar, the informant’s tip was sketchy at best. The affidavit stated that two cuban males named Pancho and Lorenzo were engaged in drug dealing at a certain address. Although the information was based on personal knowledge the tip lacked a detailed description of the men and the exact location of the drugs as in Stewart. Additionally, Detective Small testified at the suppression hearing that the informant told him that he would find one cuban male named Pancho or Lorenzo at the residence. In fact only one cuban male named Moses Rodriguez was ultimately apprehended. Therefore, not only did the tip lack the specificity that might add to its apparent reliability but more importantly, what little detail was provided was not ultimately corroborated.
During the first day of Detective Small’s surveillance of the Rodriguez residence one man entered the residence. During the second day of surveillance two men entered the home, one of whom was the same person as the first day. The affidavit states that the man who entered on both days stayed for nearly one hour on the first day. At the hearing Small testified that he stayed for only five to ten minutes. Again this testimony on a key issue is vastly divergent from the affidavit used to obtain the warrant.
In reviewing the magistrate’s probable cause determination the district court, while according great deference to the magistrate’s determination, must make a common sense decision based on the affidavit used to obtain the warrant and the testimony provided during the suppression hearing. See Illinois v. Gates, supra.
In the case at bar the affidavit used to show probable cause and Detective Small’s testimony differed on two key issues. First, the identity of the defendant and second the length of time one of the visitors spent in the defendant’s residence.
The importance of having an accurate description of the defendant is evident. *533 The amount of time spent inside the residence is a key indication of whether or not a drug related transaction was taking place. The pattern which is usually associated with drug transactions is many people going in and out, each remaining only a short period of time, five to ten minutes. See State v. Ditcharo, 441 So.2d 326 (La. App. 5th Cir.1983) and State v. Barber, 445 So.2d 463 (La.App. 4th Cir.1984). When it is unclear whether any of the three people who entered defendant’s residence in two days stayed five minutes or one hour, one of the primary indications that a drug transaction is taking place is put in serious doubt.
Under the circumstances of this case the corroboration provided by the surveillance falls far short of the norm and does not present the level of suspicious activity generally associated with drug transactions.
Finally, and most importantly, Detective Small’s testimony at the hearing was inconsistent with the information contained in the affidavit. The district court would hardly be doing its job of reviewing the magistrate’s determination if it did not consider such wide discrepencies in making its decision to suppress evidence. It is apparent that the district court weighed the detective’s testimony against the affidavit and concluded that the discrepancies between the two raised serious doubts concerning the veracity of the informant as well as the adequacy of the alleged corroboration gained by surveillance.
In my opinion the district court followed the standards of Illinois v. Gates, supra and correctly suppressed the warrant.