459 So.2d 1320 (1984)
STATE of Louisiana
v.
Daryl MORRISON.
No. KA 84 0378.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1321 Ossie Brown, Dist. Atty., by Joseph Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Defendant, Daryl Morrison, was charged with possession of Phenmetrazine (Preludin) in violation of LSA-R.S. 40:967(C). Initially, defendant pled not guilty. After a preliminary hearing, the trial court ruled *1322 there was probable cause to hold defendant as charged. Subsequently, a motion to suppress was submitted on the testimony and evidence presented at the preliminary hearing. The trial court denied this motion. Reserving his right to appeal that ruling, defendant withdrew his not guilty plea.[1] After a Boykin examination, the trial court accepted defendant's guilty plea. Defendant was sentenced to three years at hard labor and ordered to pay court costs. The sentence of incarceration was suspended and defendant was placed on supervised probation for two years subject to several conditions. Defendant was ordered, as a condition of his probation, to pay $200.00 to the Louisiana Victim's Compensation Fund. He now appeals his conviction and sentence, alleging the following assignments of error:
1. The trial court erred by denying the motion to suppress.
2. The trial court erred by failing to explain the meaning and consequences of classification as a felony offender.
Assignment of error number two was not briefed and therefore is considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.
Defendant contends that the trial court erred in denying his motion to suppress the evidence seized at the time of his arrest.
The motion to suppress was submitted on testimony presented at the preliminary hearing. The only witnesses at the hearing were two police officers. Evidence adduced reveals that at about 8:00 p.m. on March 14, 1983, officers Michael Dickinson and Bart Thompson of the Baton Rouge City Police Department were on patrol in an unmarked police car. Officer Dickinson testified that as he and his partner stopped at the intersection of Cain and 38th Streets in Baton Rouge, they saw several black males standing on the corner in front of a service station and convenience store. He noticed one man, later identified as Daryl Morrison, take a item out of his right pocket, drop it to the ground and kick it under a vehicle parked nearby. The officer stated that he drove into the station and retrieved the dropped matchbox which contained pink tablets. This substance was later determined by crime lab tests to be phenmetrazine (preludin). Officer Dickinson also testified that he and his partner were about ten yards away and still in their car when defendant kicked the matchbox under the vehicle. Officer Thompson's testimony was slightly different. He stated that they were pulling into the service station when defendant threw down an object and kicked it under the car. The officer then exited the car; Officer Thompson detained defendant while Officer Dickinson retrieved the matchbox.
The Fourth Amendment to the U.S. Constitution and La. Const. art. I, § 5 protect against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been is, or is about to be engaged in criminal conduct. Andrishok, supra at p. 391.
When police officers make an investigatory stop without legal right to do so, property abandoned or otherwise disposed of as a result thereof cannot be legally seized. State v. Bethley, 452 So.2d 367 (La.App. 1st Cir.1984). If, however, the property is abandoned without any prior unlawful intrusion into a person's right to be free from government interference, then such property may be lawfully seized. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied ___ U.S. ___, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Bethley, supra. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. As our courts have previously held, "it is only when the *1323 citizen is actually stopped without reasonable cause or when that stop is imminent that the right to `be let alone' is violated." State v. Ryan, 358 So.2d 1274, 1276 (La. 1978).
The crucial inquiry is whether, at the time defendant threw down the matchbox containing the phenmetrazine, the police officers had effected an actual or imminent unlawful detention.
We do not find the officers' conduct in the instant case to be intrusive. The officers did not even exit their car and approach defendant until after he threw down his matchbox. Even accepting the testimony by Officer Thompson that the matchbox was thrown down when the car pulled into the station, there was no violation of defendant's rights. By just driving into the parking area of a service station/convenience store the officers did not intrude upon or restrict defendant's freedom of activity or movement.
Defendant could not expect to carry contraband and drop it with impunity when he saw an approaching police officer. There is no expectation of privacy when property is abandoned and no constitutional prohibition against seizure of abandoned property. State v. Bethley, supra.
Thus, this assignment of error is without merit.
PATENT ERROR
We note that the trial judge illegally ordered defendant to pay $200.00 as a special condition of probation to the Louisiana Victim's Compensation Fund.
At the time of defendant's offense, March 14, 1983, LSA-C.Cr.P. art. 895.1 provided that:
When a court suspends the imposition of the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
(1) To the victim in restitution to compensate for his loss and inconvenience.
(2) To the indigent defender program for that court.
(3) To the criminal court fund to defray the costs of operation of that court.
(4) To the sheriff and clerk of court for costs incurred.
Further, the Crime Victims Reparations Act, Acts 1982, No. 250 § 1, designated as LSA-R.S. 46:1801 et seq., created the Crime Victims Reparations Fund. Neither LSA-C.Cr.P. art. 895.1 nor the Crime Victims Reparations Act authorize, as a condition of probation, a fine of $200.00 to be paid to the "Louisiana Victims' Compensation Fund," as ordered in this case. See LSA-R.S. 46:1801, et seq. LSA-R.S. 46:1816 D does, however, authorize a district court to assess a $50.00 fine in felony criminal actions which result in a conviction. State v. Kleinpeter, 449 So.2d 1043 (La.App. 1st Cir.1984), on rehearing, writ denied, 450 So.2d 661 (1984). This fine is to be paid by the defendant and deposited in the Crime Victims Reparation Fund.
The trial court may, at any time during the probation period, change the conditions of probation. LSA-C.Cr.P. art. 896; State v. Sandifer, 359 So.2d 990, 992 (La.1978). Accordingly, the sentence is affirmed but the illegal condition vacated. We remand for reconsideration in light of sentencing options available at the time of defendant's offense.
CONVICTION AFFIRMED, SENTENCE AFFIRMED BUT CONDITION OF PROBATION ORDERING PAYMENT TO THE LOUISIANA VICTIM'S COMPENSATION FUND VACATED, REMAND FOR RECONSIDERATION OF CONDITIONS OF PROBATION.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).