468 So.2d 1347 (1985)
STATE of Louisiana
v.
David JENKINS.
No. 84 KA 1254.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*1349 Ossie Brown, Dist. Atty. by Brenda Creswell, Baton Rouge, for plaintiff-appellee.
Kathleen Richey, Public Defendants' Office, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Defendant, David Jenkins, was charged with possession of pentazocine, in violation of LSA-R.S. 40:967(C). Initially defendant pleaded not guilty, a preliminary hearing was held, and a motion to suppress the evidence was denied. Defendant reserved his right to appeal that ruling, withdrew his not guilty plea, and pleaded guilty. Defendant was sentenced to five years at hard labor and ordered to pay court costs. The sentence was suspended and defendant was placed on supervised probation for five years, subject to several conditions. Defendant was ordered, as a condition of his probation, to pay $500.00 to the Louisiana Victim's Compensation Fund. Defendant appeals from the trial judge's ruling on the motion to suppress, alleging the following assignment of error.
The trial court erred when it denied defense motion to suppress physical evidence.
In connection with the assignment of error defendant contends:
1) that the officers were in violation of LSA-C.Cr.P. Art. 215.1, and lacked reasonable cause to detain him, question him, or even approach the vehicle.
2) that the evidence seized from the car violates the plain view doctrine.
The motion to suppress was submitted on testimony presented at the preliminary hearing. The only witnesses at the hearing were two police officers. The testimony of the officers reveals:
That on August 4, 1982, at approximately 10:40 p.m., Officers Douglas and Chaney, while in response to a possible burglary, observed a car parked in the lot of Istrouma Elementary School. Feeling that this might be related to the burglary call, the officers approached the car and observed two men sitting in it. The officers then pulled up to the car and asked the defendant, who was bent over holding his arm, and Carl Johnson, some questions. As the officers inquired about defendant's physical well-being, he became nervous, irritable and uncooperative. The officers then noticed defendant's swollen arm with needle marks and blood dripping from it. Suspecting illegal narcotic activity, the officers then asked the two men to step out of the car, arrested them, and out of caution conducted a pat down search of defendant for weapons and found a razor blade with a white substance on it. Officer Chaney then walked around the car, which had both doors open, and observed the following: a wine bottle cap containing a white substance, a hypodermic needle, and a brown manilla envelope containing a substance which appeared to be marijuana, all between the bucket seats, and on the dashboard another wine cap with a similar white substance. All the items were seized as contraband.

REASONABLE CAUSE TO DETAIN:
In the defendant's first assignment of error, he alleges that the trial judge erred in denying his motion to suppress the evidence. Defendant argues that the officers were in violation of LSA C.Cr.P. Art. 215.1, and lacked reasonable cause to detain him, question him, or even approach the vehicle.
The unusual situation of two men sitting in a parked car at 10:40 p.m. in an empty school lot within blocks of a reported burglary is reasonable cause to suspect criminal conduct, and to approach and interrogate. The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1, as well as both State and Federal jurisprudence. U.S. Const.Amend. IV; La. Const. art. I § 5; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, *1350 434 So.2d 389 (La.1983); State v. Morrison, 459 So.2d 1320 (La.App. 1st Cir.1984). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. Andrishok, supra at p. 391. See also Morrison, supra.
After observation of defendant's belligerent behavior, along with his swollen, bleeding arm with needle marks, the officers physically detained defendants and proceeded to execute a pat down search for any weapons, or evidence of the crime. At the point of physical detention, an arrest occurred. LSA-C.Cr.P. art 201; State v. Commodore, 418 So.2d 1330 (La.1982). It is well established that a search incident to an arrest is one of the exceptions to the warrant requirement. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Essentially, the justification for the warrantless search of a person arrested for a crime is based upon the exigency of removing any weapons and of preserving any evidence within the immediate reach of the arrested person. Chimel, supra; State v. Blanchard, 374 So.2d 1248 (La.1979); State v. Breaux, 329 So.2d 696 (La.1976). State v. Gibson, 391 So.2d 421 (La.1980). This assignment lacks merit.

PLAIN VIEW DOCTRINE:
In his second assignment of error defendant alleges that the evidence seized from the car violates the plain view doctrine. We disagree.
In order for a warrantless seizure to come under the plain view doctrine, three conditions must be satisfied: "1) there must be a prior justification for an intrusion into a protected area, 2) in the course of which evidence is inadvertently discovered, and 3) where it is immediately apparent without close inspection that the items are evidence or contraband." State v. Rodriguez, 396 So.2d 1312, 1316 (La. 1981). State v. Banks, 363 So.2d 491 (La. 1978).
All three requirements of this rule are present under the facts of this case. The officers were justified in the initial approach, conversation, subsequent arrest and request that defendant step out of the car. It is also evident from the record that it was immediately apparent that the evidence seized was contraband and inadvertently discovered, through the windshield and open doors of the car.
This assignment is without merit.

PATENT ERROR:
We note that the trial judge illegally ordered defendant to pay $500.00 as a special condition of probation to the Louisiana Victim's Compensation Fund.
Neither the Crime Victims Reparations Act, Act 1982, No. 250 § 1, designated as LSA-R.S. 46:1801 et seq., nor LSA-C.Cr.P. Art. 895.1 authorizes, as a condition of probation, a fine of $500.00 to be paid to the "Louisiana Victim's Compensation Fund", as ordered in this case. See LSA-R.S. 46:1801, et seq., LSA-C.Cr.P. Art. 895.1. LSA-R.S. 46:1816 D does, however, authorize a district court to levy a cost of $50.00 in felony criminal actions which resulted in a conviction. State v. Kleinpeter, 449 So.2d 1043 (La.App. 1st Cir.1984), on rehearing, writ denied 450 So.2d 661 (1984). This cost is to be paid by the defendant and deposited in the Crime Victim's Reparation Fund. See State v. Morrison, supra.
Accordingly, the sentence is affirmed but the illegal condition is vacated. We remand for reconsideration in light of sentencing options available at the time of defendant's offense.
CONVICTION AFFIRMED, SENTENCE AFFIRMED BUT CONDITION OF PROBATION ORDERING PAYMENT TO THE LOUISIANA VICTIM'S COMPENSATION FUND VACATED, REMAND FOR RECONSIDERATION OF CONDITIONS OF PROBATION.