355 So.2d 925 (1978)
STATE of Louisiana
v.
Jerome D. LOEHR.
STATE of Louisiana
v.
Linda M. LOEHR.
Nos. 60737, 60738.
Supreme Court of Louisiana.
March 6, 1978.
Allen A. McElroy, Jr., McElroy & Ramsey, Ltd., Berwick, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Bernard E. Boudreaux, Jr., Edward M. Leonard, Jr., Walter J. Senette, Jr., Asst. Dist. Attys., for plaintiff-respondent.
DIXON, Justice.
Defendants Jerome D. Loehr and Linda M. Loehr were charged with the possession of marijuana. A motion to suppress evidence seized in a search of the defendants' trailer was denied by the trial court on August 17, 1977. We granted defendants' application for certiorari in order to review that ruling. 351 So.2d 1213 (La.1977); 351 So.2d 1214 (La.1977).
The sole issue presented is whether the affidavit upon which the warrant for the search of defendants' residence was issued adequately supports a finding of probable cause to search. The affidavit reads as follows:
"BEFORE ME, Edward A. Delahoussaye III Judge of the 16th Judicial District Court, Parish of St. Mary State of Louisiana, personally appear(s) Agent James M. Riley who, being duly sworn by me, depose(s) and say(s) the following:
Probable cause exists for the issuance of a search warrant authorizing the search of The residence of Jerome Loehr This being a 10' X 60' Magnolia House Trailer White with Green trim, located at 501 Teche St in Bayou Vista, La. where the following described item(s) (is) (are) believed to be: Heroin.
The probable cause is based on the following: This officer received information *926 that the above subject had in his possession Heroin. This subject is a known user of Heroin. The informant stated that he observed personally a small amount of white powder that the subject told him was Heroin. The subject told the informant that he purchased this Heroin in New Orleans, La. This officer has used this informant in the past and he has proved reliable by giving this officer information that has led to the arrest and conviction of Narcotics violators.
The undersigned officer(s) request(s) a warrant to search the aforesaid Residence of Jerome Loehr for the item(s) specified in this affidavit.
. . ."
It is fundamental that an affidavit upon which a search warrant is based must inform the issuing magistrate of underlying facts sufficient to support a determination that evidence of a crime is presently on the premises to be searched. State v. Porter, 344 So.2d 1031 (La.1977); State v. Paciera, 290 So.2d 681 (La.1974). The affidavit in the present case fails to meet this requirement.
First, there is nothing in the affidavit that suggests that whatever contraband that may have been in Jerome Loehr's possession could be found in his residence. While in some cases this fact may be inferred from the surrounding circumstances (see, e. g. United States v. Burgard, 551 F.2d 190 (8th Cir. 1977); United States v. Mulligan, 488 F.2d 732 (9th Cir. 1973), cert. den. 417 U.S. 930, 94 S.Ct. 2640, 41 L.Ed.2d 233 (1974); United States v. Lucarz, 430 F.2d 1051 (9th Cir. 1970)), such an inference is not justified where the only information supplied by the affiant is that the defendant had a small amount of heroin in his possession and that he had bought it in New Orleans. See United States v. Flanagan, 423 F.2d 745 (5th Cir. 1970); United States v. Whitlow, 339 F.2d 975 (7th Cir. 1964).
A second fatal defect in the affidavit is its failure to inform the issuing judge of the time when the events described actually happened. In dealing with this issue, this court has stated:
"The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant. . . .
Such an affidavit has been held to be adequate if, in a commonsense construction, it can be said from the face of the affidavit that the information received by the affiant was current and not stale. See: Borras v. State, 229 So.2d 244 (Fla., 1969); State v. Clay, 7 Wash.App. 631, 501 P.2d 603 (1973); Sutton v. State, 419 S.W.2d 857 (Tex.Cr.App., 1967); Lewis v. State, 126 Ga.App. 123, 190 S.E.2d 123 (1972). . . ." State v. Boudreaux, 304 So.2d 343, 345-46 (La.1974).
See also State v. Segers, 355 So.2d 238 (La.1978); State v. Turner, 337 So.2d 1090 (La.1976). In State v. Thompson, 354 So.2d 513 (La.1978), we held that an affidavit which fails to make any reference to the time when the events took place, and which is phrased in the past tense does not provide the magistrate with sufficient facts to determine that probable cause to search exists at that time. In the present cases there is no reference to the time when the informant obtained his information, nor is there any indication of the time when the affiant was contacted by the informant. The affidavit is written in the past tense, so it is not possible to infer that the facts demonstrate a continuing course of conduct. Accordingly, the search warrant must fall. State v. Thompson, supra.
Since the affidavit in the present cases is fatally defective, the trial court erred in denying the motion to suppress. The motion to suppress is sustained, and the cases are remanded for further proceedings consistent with the ruling herein.