449 So.2d 644 (1984)
STATE of Louisiana
v.
Andrew VIERA and Miguel Martinez.
No. KA 0940.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
Writ Denied June 1, 1984.
*646 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Julio Romanach, Jr., Baton Rouge, for defendants-appellants.
Before SCHOTT, AUGUSTINE and WILLIAMS, JJ.
SCHOTT, Judge.
After a joint trial by jury defendant Andrew Viera was convicted of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966 and possession of cocaine in violation of R.S. 40:967. He was sentenced to five years at hard labor on the former charge and fifteen on the latter, the sentence to run concurrently. Co-defendant Miguel Martinez was convicted of attempted possession of marijuana and cocaine and sentenced to three months in parish prison on the former and eighteen on the latter, the sentences also to run concurrently.
Pursuant to a search warrant the police forced their way into Viera's home at about 10 PM on April 14, 1982. They seized about thirty pounds of marijuana in a suitcase in Viera's room, a shoe box of cocaine on the refrigerator in the kitchen, a large screen suitable for sifting the marijuana, and a pistol on the kitchen table. Viera testified that he was a regular user of marijuana and had gotten the thirty pounds for his personal use. He stated that a third occupant of the house, Jesus Tapanes, had brought the shoe box to his home earlier in the day but he (Viera) was unaware of its contents. Co-defendant Martinez, Viera's brother, testified that he was living there for four months, knew Viera smoked marijuana, but he, himself, did not use it.
Having reviewed this record in the light most favorable to the prosecution, we are satisfied that a rational fact finder could have found the essential elements of the crimes proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). As to Viera, while he claimed this marijuana was for his personal use, a police officer who was qualified and accepted as an expert in the packaging and marketing of marijuana testified as to the unlikelihood that such a great quantity would be stored for personal use based on a variety of logical and obvious reasons. Intent to distribute marijuana can be inferred from the quantity present. State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983). As to the cocaine the very fact that it was found in a shoe box on top of the refrigerator in Viera's house is sufficient to support a finding of constructive possession on his part. State v. Allen, supra. The jury obviously did not believe Viera's explanation.
As to Martinez, here the prosecution was required to prove only that he exercised dominion or control over the illegal substances, not actual possession. But the mere presence of someone in an area where such substances are found or mere association with the person found to be in possession of such is insufficient to constitute possession. State v. Walker, 369 So.2d 1345 (La.1979). Here there is much more than "mere" presence and association. Martinez had lived there for four months and knew his brother had this large quantity of marijuana in his bedroom. He also saw Tapanes come in with a shoe box and place it on top of the refrigerator. There was a loaded gun on the kitchen table when the house was searched and the police officer testified that they saw seven individuals separately enter and leave the premises while the house was under surveillance for three hours before the warrant was issued. Determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. State v. Trahan, 425 So.2d 1222 (La.1983). When the facts of this case are considered in the light most favorable to the prosecution any rational jury could have concluded beyond a reasonable doubt that Martinez attempted to possess both *647 substances. Furthermore, a person may be deemed to be in joint possession of a substance which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). This applies to Martinez since he lived with his brother, had the full run of the house, and knew all about the large stash of marijuana and everything else that went on in the house.

ASSIGNMENT OF ERROR 1
By this assignment defendants contend that the trial court erred in denying their motion to suppress evidence. This argument is based on the fact that the affidavit leading to the issuance of the warrant contained a confidential informant's statement that there was twenty pounds of marijuana in Viera's bedroom and therefore the search was illegal because the police continued searching the premises after they found this and subsequently seized the cocaine on the refrigerator; the affidavit of the informant's statement made no mention of cocaine so that the warrant which did describe "marijuana, cocaine, other narcotics, and paraphernalia" was impermissibly broad. In support of this argument defendants cite State v. Sanchez, 284 So.2d 918 (La.1973). That case, at best for defendants, contains dicta which considered some items mentioned in the warrant as beyond the scope of the information furnished in the affidavit, but it is inapplicable to the instant case. Here the police had a valid warrant to search the whole house for marijuana at least. Just because they found some in the bedroom they were not precluded from continuing to search for more marijuana. They were doing just that when they found the cocaine. The conduct of the police here was authorized by C.Cr.P. Art. 165's authority to "seize things whether or not described in the warrant."
Defendants would also suppress the evidence because the police forced their way into the premises without announcing their purpose. They employed the use of a tow truck to pull away an iron door and broke into the wooden front door to gain entrance. Defendants contend that this conduct was inconsistent with C.Cr.P. Art. 224. We disagree. The article specifically exempts the police from announcing "when to do so would imperil the arrest." The officers testified that they feared the marijuana might be destroyed, but defendants dispute this explanation because the quantity involved would not permit easy destruction. Defendants overlook the fact that the informant had seen twenty pounds at 4:30 PM and witnessed a sale of three pounds. The police saw seven possible purchasers come and go between 5:30 and 8:30 and they executed their search no earlier than 9:30. Thus they had reason to believe that what was left could be disposed of or hidden if they had favored defendants with an announcement. Furthermore, even assuming that the unannounced, forced entry was unjustified, it would be illogical to conclude that this would warrant suppression of evidence seized pursuant to a valid search warrant. Defendants cite no authority for this position and we know of none.
Finally, defendants argue that the warrant itself was unjustified because the informant and his information were unreliable. They base this assumption on the fact that the informant claimed to witness a sale for cash, and, yet, no cash was seized in the search. Factually, this argument is a non sequitur. Because the police found no cash at 9:30 or later does not in any way preclude cash exchanging hands at 4:30. Even so, the affidavit contained all the necessary ingredients to authorize the issuance of the warrant. The informant was known to the police as one whose past information had led to arrests and confiscation of large amounts of narcotics, and he had witnessed a sale of three pounds of marijuana out of a large plastic bag of the substance. This alone was sufficient but it was further corroborated by activity observed during a three hour surveillance. The judge's issuance of the warrant was properly based on a common *648 sense evaluation of the totality of the circumstances. Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
This assignment has no merit.

ASSIGNMENT OF ERROR 2
Defendant, Viera, took the stand, admitted that he had thirty pounds of marijuana in his possession, and claimed that he had such a huge amount for his personal use because he got it at a bargain price. When asked under cross examination where he got it he refused to answer "because he would be framing" his source. By this assignment he contends that the trial judge committed reversible error in holding him in contempt of court in the presence of the jury for his refusal to answer the question. The court's action was authorized by C.Cr.P. Art. 21(4), the removal of the jury was within the discretion of the judge, C.Cr.P. Art. 794, and we are not persuaded that any abuse of this discretion occurred. The assignment is meritless.

ASSIGNMENT OF ERROR 3
By this assignment defendants assert that the trial judge erred in refusing to permit defense counsel to talk about the possible sentence his clients might receive in the event of a conviction. When the sentencing provision is not mandatory the trial judge has the discretion either to permit or deny argument regarding the range of sentence available. State v. Williams, 420 So.2d 1116 (La.1982). There the court applied the rule to a trial for armed robbery where there was a range between five and ninety-nine years. Here there was a range (for the cocaine charge) between five and thirty years. This assignment has no merit.

ASSIGNMENT OF ERROR 4
Defendants claim that the court erred in allowing the prosecutor to hold a gun before the jury during closing argument. The record does not contain any reference to this occurrence or to an objection made to it as required by C.Cr.P. Art. 841. Thus, this assignment is not properly before us.

ASSIGNMENT OF ERROR 5
By this assignment Viera claims his sentence was unconstitutionally excessive. He was sentenced to five years for the marijuana charge while facing a maximum term of ten years and a maximum fine of fifteen thousand dollars under R.S. 40:966 B(2). His sentence to fifteen years for possession of 142 grams of cocaine was selected from a range of from five to thirty years. At the sentencing hearing the trial judge called to the witness stand the police officer who had testified on the merits as an expert in packaging and marketing drugs. He testified that the street value of this thirty pounds of marijuana was $10,500 and of the cocaine was $37,500. He explained that the cocaine as found weighed 310 grams but this included 42 grams of pure cocaine mixed with additives for street sale purposes.
Before sentencing Viera the trial judge made these observations: He believed Viera to be "a significant dealer of drugs in the City of New Orleans" even giving him the full benefit of the doubt as to no previous convictions there. His expressed concern was with the great quantity of drugs involved here with Viera admitting possession of eighteen pounds of marijuana and blandly stating this was for his personal use. Of more concern, however, was the quantity of cocaine which is such a saleable commodity and for which there is such a demand despite its danger. Next, the judge meticulously considered C.Cr.P. Art. 894.1's sentencing guidelines and pointed out that mitigating circumstances such as the absence of physical harm to others were outweighed by the serious harm to society from the distribution of drugs.
These middle range sentences for each offense were well within the discretion of the trial judge, the record makes it abundantly clear that this was a sound exercise of his sentencing discretion, and no basis exists for an appellate court to set *649 aside the sentence. This assignment lacks merit.
In our review of this record for errors patent we found none except that Viera's sentences are unlawfully lenient in that no fines were imposed. This error is especially striking in the case of the cocaine for which a mandatory fine of $50,000 is prescribed by R.S. 40:967 F(1). We take note that the legislature obviously regards possession of just twenty-eight grams of cocaine by any individual as support for the conclusion that such a person has to have considerable means to afford such an expensive commodity or had the potential of extracting a high price for the substance from unfortunate, misguided persons who are determined to abuse themselves by indulging in its use. The sentence for possession of marijuana with intent to distribute is likewise unlawfully lenient because R.S. 40:966 B(2) mandates a fine up to $15,000 in addition to the jail term. State v. Booth, 347 So.2d 241 (La. 1977). It seems logical that we would be required either to amend the sentence at least to impose the $50,000 fine for the cocaine or to remand for re-sentencing to avoid a clear frustration of the legislative intent. But we are bound to follow the Supreme Court's direction in State v. Napoli, 437 So.2d 868 (1983) which prohibits the imposition by an appellate court of a lawful sentence on the theory that this constitutes "a chilling effect on defendant's exercise of his right to appeal." We are aware that the First Circuit declined to follow Napioli in State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983) and while we agree with the reasoning of that court as to the principle involved we cannot simply dismiss the Napoli decision as "only a writ action based on doubtful authority" as did the Jackson court.
AFFIRMED.