CIACCIO, Judge.
Upon application of the State of Louisiana we granted certiorari to review the ruling of the district court granting defendant’s motion to suppress evidence. We now reverse.
The evidence in this ease was seized during a search of defendant’s residence conducted pursuant to an order of search issued by a criminal district court magistrate. Upon defendant’s motion to suppress, then, the district court functions as a court of review to determine the propriety of the issuance of the warrant. “The duty of the reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed. Jones v. United States, supra, [362 U.S. 257, 80 S.Ct. 725 at 736, 4 L.Ed.2d 697 (1960)].” Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, supra, 103 S.Ct. at 2332. A factor which supports the credibility or veracity of an unidentified informant is pri- or accurate reports. A factor which will support the credibility of the information reported is the direct personal knowledge or observation of the informant. State v. Sierra, 338 So.2d 609 (La.1976); State v. Paciera, 290 So.2d 681 (La. 1974).
The affidavit in this case indicated that the confidential informant with whom the affiant had spoken “has proven himself credible in giving pertinent information leading to past drug arrests and convictions." When asked at the hearing on the motion to suppress to approximate on how many occasions he had received reliable information from this informant in the past, the officer/affiant stated, “maybe about twenty-five cases.” No contradictory evidence was adduced, nor was there any evidence that the officer perjured himself in attesting to the informant’s history.
The affidavit also indicated that the informant “has entered [the residence searched] on a number of occasions and purchased marijuana .... Drugs were seen at the above location as late as [approximately three hours before the informant spoke with affiant]. The confidential informer observed approximately five pounds of marijuana.” No evidence was adduced to contradict these facts or to suggest that the informant had not personally observed the marijuana.
*530 This court has held that probable cause to arrest without a warrant may be established solely upon first-hand information from a reliable confidential informer. See State v. Stewart, 451 So.2d 1208 (La. App. 4th Cir.1984). If an officer may act upon probable cause without a warrant when the only incriminating evidence in his possession is hearsay, it would be incongruous to hold that such evidence presented in an affidavit is insufficient basis for a warrant. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). If evidence of a more judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant must be presented when a warrant is sought, warrants could seldom legitimize police conduct, and resort to them would ultimately be discouraged. Jones v. United States, supra. While there is a difference between arrest and search as to when an officer may act without a warrant, the standard of “probable cause” is similar. “The term ‘probable cause’ according to its usual acceptation, means less than evidence which would justify condemnation .... It imports a seizure under circumstances which warrant suspicion.” Locke v. United States, 7,Cranch. 339, 348, 3 L.Ed. 364 (1813) quoted approvingly in Illinois v. Gates, supra, 103 S.Ct. at 2330.
A magistrate’s “determination of probable cause should be paid great deference by reviewing courts.” Spinelli [v. United States ], supra, 393 U.S. [410] at 419, 89 S.Ct. [584] at 590 [21 L.Ed.2d 637 (1969)]. “A grudging or negative attitude by reviewing courts toward warrants,” [United States v.] Ventresca, supra, 380 U.S. [102] at 108, 85 S.Ct. [741] at 745 [13 L.Ed.2d 684 (1965)], is inconsistent with the Fourth Amendment’s strong preference for searches conducted pursuant to a warrant “courts should not invalidate ... warrants] by interpreting affidavits] in a hypertechnical, rather than a common sense, manner.” Id., at 109, 85 S.Ct. at 746.
Illinois v. Gates, supra, 103 S.Ct. at 2331.
Affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. A grudging or negative attitude by reviewing courts will tend to discourage police officers from submitting their evidence to a judicial officer before acting. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). We have noted that magistrates are not to be confined to niggardly limitations or by restrictions on their common sense. Their determinations of probable cause should be paid great deference by reviewing courts and, although it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of .doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. State v. Nix, 327 So.2d 301 (La., 1975); State v. Paciera, 290 So.2d 681 (La., 1974).
State v. Sierra, supra, 338 So.2d at 613.
At the hearing on the motion to suppress, defendant argued for the invalidity of the warrant on the basis of two points of discrepancy between the affidavit and the officer’s testimony, and that there was “insufficient corroborative evidence.” The affidavit states, “The drugs were purchased from two Cuban male subjects known to the confidential informant only as ‘Pancho’ and ‘Lorenzo’.” At the hearing the officer testified that to his knowledge there was only one Cuban male involved whose name was either Pancho or Lorenzo.
The officer conducted surveillance on the suspected house for a total of six hours on two successive nights. On the second night he was accompanied by two other officers. During the two hours of surveillance on the first night only one visitor was observed at the house. On the second night only two visitors were observed, one of whom had been the visitor on the first night.
The affidavit states that the visitor on the first night remained at the house for approximately an hour, then hurriedly left carrying a package in his hand. At trial *531 the officer testified that this visitor stayed “briefly ... maybe five/ten minutes.”
The trial judge noted the discrepancies and opined that the surveillance had been inadequate. He ruled:
Based upon my observance of what is in the warrant, in variance to what has been testified, and I’m going to suppress the warrant. I believe that there is not adequate surveillance here for a search.
The trial judge made a de novo determination of whether he would have issued the warrant. This is not correct procedure. To reiterate, “the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed. Jones v. United States, supra.” Illinois v. Gates, supra.
In Illinois v. Gates, supra, the United States Supreme Court rejected the approach of reviewing courts conducting de novo probable cause determinations. In Massachusetts v. Upton, — U.S.-, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), the court restated its position:
The Supreme Judicial Court [of Massachusetts] also erred in failing to grant any deference to the decision of the magistrate to issue a warrant. Instead of merely deciding whether the evidence viewed as a whole provided a “substantial basis” for the magistrate’s finding of probable cause, the court conducted a de novo probable cause determination. We rejected just such after-the-fact, de novo scrutiny in Gates. 103 S.Ct., at 2331. “A grudging or negative attitude by reviewing courts toward warrants,” United States v. Ventresca, 380 U.S. 102 [85 S.Ct. 741, 13 L.Ed.2d 684] (1965), is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. Gates, supra [103 S.Ct.], at 2331 n. 10.* A deferential standard of review is appropriate to further the Fourth Amendment’s strong preference for searches conducted pursuant to a warrant. (* footnote omitted)
Also see State v. Manso, 449 So.2d 480 (La.1984).
Any discrepancies between the affidavit and the officer’s testimony were not so critical as to challenge the officer’s veracity as affiant. While the surveillance conducted by the officers arguably did not reveal any activity classifiable as suspiciously criminal, the further information did not operate in any fashion to diminish the credibility of the informant or the reliability of his information. Given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of the informant, we find that the magistrate had a substantial basis for concluding that there was a fair probability that marijuana would be found at the residence for which he issued the warrant to search.
We hold that the trial court erred by not giving deference to the decision of the magistrate to issue a warrant, and conducting a de novo, after-the-fact probable cause determination. Further, in making that determination he erred in concluding that the totality of the circumstances did not establish probable cause to search. Accordingly, the ruling of the district court granting defendant’s motion to suppress is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BYRNES, J., dissents and assigns reasons.