503 So.2d 499 (1986)
STATE of Louisiana
v.
David A. ROSE.
No. K-5353.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1986.
Harry F. Connick, Dist. Atty., Rockne Moseley, Asst. Dist. Atty., New Orleans, for State of La., relator.
Leroy A. Hartley, New Orleans, for David A. Rose, respondent.
LOBRANO, Judge.
The issue presented for our consideration in this writ application by the State is whether the fruits of a search conducted pursuant to a warrantless arrest should be suppressed.
Protection from unreasonable search and seizure is afforded by the Fourth Amendment to the United States Constitution and by Article 1, Section 5 of the Louisiana Constitution. One of the exceptions to this rule is a search of a person and the area in his immediate control pursuant to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). An arrest is lawful when it is based on probable cause. State *500 v. Burton, 416 So.2d 73 (La.1982). Probable cause to arrest without a warrant exists when the facts and circumstances within the officers' knowledge, or of which he had reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Raheem, 464 So.2d 293 (La.1985); State v. Ruffin, 448 So.2d 1274 (La.1984).
The information used by the police officers in the instant case to establish probable cause was an informant's tip.
On November 14, 1985, at approximately 11 A.M., Officer Palermo received information from a confidential informant that Mr. Rose would engage in a cocaine transaction at 3 P.M. that day. The informant stated that he had personal knowledge of Mr. Rose's prior cocaine transactions. The informant advised that Mr. Rose was a white male, medium build with medium length dark hair who resided at 7823 Mill Street in New Orleans. The informant also stated that the transaction would occur at the Time Saver Store located near the defendant's residence and that Mr. Rose would carry the cocaine in the waistband of his pants.
Surveillance of the Time Saver Store and the defendant's residence was established. Shortly before 3 P.M., the defendant left his residence and began walking toward the Time Saver. When Mr. Rose entered the parking lot at this store, he appeared to see the officers waiting in unmarked police cars. The defendant looked surprised, made an abrupt turn around and began walking away hurriedly. Officer Palermo yelled "Stop police" and the defendant complied. Mr. Rose was then arrested, read his Miranda rights and searched. A small "baggie" approximately three to four inches long was found in his waistband. The officers did not observe any bulge in Mr. Rose's waistband prior to his arrest.
The "totality of circumstances" test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) replaced the "two prong" test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) to determine whether information from a confidential informant established probable cause. The veracity and reliability of the informant are now relevant factors in the totality of the circumstances, rather than controlling factors. Corroboration of details of an informant's tip by independent police investigation is also valuable in applying this test. Illinois v. Gates, supra.
In State v. Raheem, supra and State v. Ruffin, supra the Louisiana Supreme Court looked to the total circumstances surrounding the informant's tip in both cases, as well as any corroborating evidence of its reliability before determining that the warrantless search and seizures were illegal. When the constitutionality of warrantless search is at issue at a suppression hearing, the State must bear the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. State v. Tomasetti, 381 So.2d 420 (La.1980).
In the present case Officer Palermo's testimony concerning the reliability of the confidential informant was as follows:
"This informant advised me that he had dealt with David Rose in the past in several narcotics transactions, specifically, cocaine. He said that he had received information that Rose was going to conduct a transaction ..."
There is no evidence that the informant had been reliable in the past, or that he had provided information leading to the conviction of others. See, State v. Stewart, 451 So.2d 1208 (La.App. 4th Cir.1984). In addition, there is only a vague reference by Officer Otero regarding Officer Palermo's prior dealings with the confidential informant. There is nothing else in the record to support the informant's reliability. In addition, the officers conducting the surveillance did not observe the defendant in any suspicious or illegal activity. Their surveillance corroborated only the following: (1) The defendant resided at 7823 Mill Street; (2) he was of medium build with medium length dark hari; (3) he left his *501 residence shortly before 3 P.M. and was observed in the parking lot of Time Saver.
The defendant's arrest was not based upon probable cause and hence the search incident to that arrest was illegal. Therefore the trial judge properly suppressed the evidence.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting.
The surveillance corroborated a fourth (and most important) fact. The defendant was carrying cocaine in his waistband as specified by the informant.