FRED W. JONES, Jr., Judge.
The defendant Humphreys was initially charged with three offenses: possession of marijuana with intent to distribute (La.R.S. 40:966); possession of amphetamines (La. R.S. 40:967); and possession of diazepam, commonly known as Valium (La.R.S. 40:969). Defendant’s motion to suppress the warrant and evidence seized under it was denied. Pursuant to a plea bargain he then entered a Crosby plea to possession of marijuana with intent to distribute and possession of amphetamines. On the first charge he was sentenced to three years at hard labor and fined $500. For possession of amphetamines defendant received a sentence of two years imprisonment at hard labor. The cases are consolidated for purposes of this appeal.
Defendant appealed his convictions alleging (1) the search warrant used in the case did not conform to the requirements of the law, i.e., it was unsigned and undated when presented to the defendant for execution, and (2) the warrant was overbroad in that it went beyond the information obtained from the confidential informant which formed the basis for the search warrant.

Factual Context

On April 24, 1985, Sergeant Cannon of the Louisiana State Police swore out an affidavit for a search warrant indicating a reliable confidential informant (“RCI”) provided information that he had seen marijuana at defendant’s house within the last 72 hours and the RCI had purchased marijuana there.
Based on this affidavit, a search warrant was secured for the defendant’s residence for “any controlled dangerous substances, especially, but not limited to marijuana.” The warrant was then signed and dated by the local judge.
Police officers arrived at defendant’s residence at approximately 8:15 p.m. After entering, they found a one-half ounce bag of marijuana on the kitchen table. Defendant and his wife were arrested for simple possession of marijuana. The officers continued to search the house and seized additional marijuana, a bottle of marijuana seeds and several bottles of pills which were later found to be diazepam.
ASSIGNMENT OF ERROR NO. 1
Defendant argues the lower court erred in denying his motion to suppress the search warrant, claiming the copy of the warrant presented to him was undated and did not bear the signature of the issuing judge. As such, he asserts the warrant is invalid and the evidence seized pursuant thereto is inadmissible.
La.C.Cr.P. Articles 161 and 162 provide the authority for judges to issue warrants. Such issue may only be upon probable cause, established to the judge’s satisfaction, by affidavit.
The affiant, Sgt. Cannon, testified he prepared and signed the affidavit for the warrant and he saw Judge Traylor sign it. Indeed, the properly signed and dated warrant is State’s Exhibit # 1. Some time during the execution of the warrant the *499 defendant was given a copy, which apparently was undated and did not have the judge’s signature. Sgt. Cannon suggested this was because the judge did not press hard enough when signing the stack of carbons or a carbon paper was folded improperly, preventing reproduction of the date and signature.
We know of no requirement, nor does defendant cite one, that the subject of a warrant be presented with a signed and dated copy of the search warrant during its execution. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant asserts the trial court erred in refusing to suppress the search warrant because the warrant was overbroad on its face and hence invalid. The warrant authorized a search for “any controlled dangerous substances, especially, but not limited to marijuana.” Defendant argues the RCI referred only to marijuana and no other “controlled dangerous substances,” hence the search warrant is overbroad and invalid.
Such inclusion of the above language does not invalidate a search warrant nor preclude admissibility of the “additional” evidence. In State v. Viera, 449 So.2d 644 (La.App. 4th Cir.1984), writ denied, 450 So.2d 962 (La.1984), cocaine and marijuana were seized pursuant to the execution of a search warrant listing both items. However, the affidavit underlying the search warrant was based on a confidential informant’s statements which only referred to marijuana—not cocaine. Viera argued that the warrant was overbroad and thus invalid. The Fourth Circuit held the warrant was not overbroad because the police had the authority to search for marijuana and were not precluded from continuing to search for marijuana after initially locating some; therefore, the cocaine was legally seized in the process of searching for marijuana.
Evidence obtained in the proper execution of a restricted search warrant issued on probable cause is admissible notwithstanding the fact that such evidence was not specified in the warrant. State v. Abram, 465 So.2d 800 (La.App.2d Cir.1985), writ denied, 469 So.2d 983 (La.1985). While in the course of executing a search warrant, a police officer may seize, in addition to the contraband or other evidence described in the warrant, objects tending to prove the commission of any offense. La. C.Cr.P. Article 165; State v. Feeback, 414 So.2d 1229 (La.1982).
Although the warrant itself may be overbroad, the error is harmless because the police officers seized the amphetamines during the legitimate search of defendant’s house for marijuana. See La.C.Cr.P. Articles 161,165, State v. Abram, supra; State v. Viera, supra. This assignment of error is without merit.

Decree

For the above reasons, we find that the trial judge did not err in refusing to suppress the search warrant or the evidence obtained during its execution. Consequently, defendant’s convictions are affirmed.