534 So.2d 1322 (1988)
STATE of Louisiana
v.
Arlene L. JOHNSON and Claude Willis.
No. 88-KA-0499.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1988.
Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for appellee.
Robert Glass, Lori R. Fregolle, Glass & Reed, New Orleans, for appellants.
Before SCHOTT and LOBRANO, JJ., and HUFFT, J. Pro Tem.
LOBRANO, Judge.
Defendant, Claude Willis, was charged by bill of information with possession of *1323 marijuana with intent to distribute, a violation of La.R.S. 40:966(A).
On March 10, 1987, defendant was arraigned and pled not guilty. On April 20, 1987, a hearing on defendant's Motion to Suppress was conducted. The trial court denied the motion on June 12, 1987. On July 13, 1987, defendant changed his plea to guilty as charged reserving his right to appeal the trial court's ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to pay a fine of $5,000.00 or serve one (1) year in Orleans Parish Prison.
FACTS:
On January 20, 1987, Detective Ronnie Austin of the New Orleans Police Department received a "tip" from a confidential informant that defendant possessed approximately 25 pounds of marijuana at 7001 Bundy Road, Apartment E-15. The informant told Austin that he had been in the apartment, had seen the marijuana, had been asked by defendant to either purchase some, or to "locate a buyer" and was informed by defendant that "more weed" was available.
An investigation by Austin revealed that defendant resided at 7001 Bundy Road and was wanted on outstanding warrants for possession with intent to distribute a controlled dangerous substance and for a traffic violation. To further investigate and corroborate the "tip", Austin conducted a surveillance of the apartment. He observed a male enter the apartment, stay several minutes and exit. As the man was leaving, he cautiously scanned the area. He noticed Austin, became apprehensive and walked away at a fast pace which increased to a jog until he was out of sight. Taking the results of his investigation to a magistrate, Austin obtained a search warrant. Prior to executing the warrant, Austin verified with the apartment manager that defendant did indeed reside in Apartment E-15. Austin then obtained a passkey to the apartment from the manager. He then proceeded to the apartment to execute the warrant. Austin knocked on the door, identified himself as "Ronnie" and asked for Claude. Arlene Johnson, who was alone in the apartment, responded that Claude was not there and that no one could enter unless Claude was home. Austin then opened the door with the passkey and identified himself as a police officer. A search of the apartment revealed a small amount of marijuana, including two hand rolled cigarettes, on the coffee table. The bulk of the marijuana (approximately 10 pounds) was located in a suitcase in a closet. Johnson[1] and defendant were both arrested for possession of marijuana with intent to distribute.
Defendant appeals his conviction and sentence asserting the trial court erred in denying his motion to suppress the evidence. Specifically he argues:
a) There was lack of probable cause to issue the warrant.
b) The warrant incorrectly described defendant's apartment as E-15 70001 Bundy Road, whereas the correct address is E-15 7001 Bundy Road.
c) The manner of entry into defendant's apartment was a violation of C.Cr.P. Article 224, and hence the proper remedy is exclusion of the evidence.
a) Probable Cause
Defendant argues that the affidavit in support of the warrant fails to specify the dates and times the informant observed the marijuana in defendant's apartment, and that Austin failed to corroborate the informant's "tip" thru independent surveillance. Thus, he urges there was lack of probable cause to issue the warrant.
In support of the first argument he cites State v. Thompson, 354 So.2d 513 (La. 1978) and State v. Loehr, 355 So.2d 925 (La.1978). In support of the second argument, *1324 he relies on this Court's decisions in State v. Rose, 503 So.2d 499 (La.App. 4th Cir.1986) and State v. McDonald, 503 So.2d 535 (La.App. 4th Cir.1987).
We have reviewed the language of the affidavit supporting the warrant, as well as the "totality of the circumstances" surrounding its issuance, and determine there was sufficient probable cause. Although defendant argues to the contrary, this Court has applied Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and its "totality of the circumstances" test to determine if there is sufficient probable cause to issue a warrant. State v. Rattler, 503 So.2d 168 (La.App. 4th Cir. 1987); writ den. 507 So.2d 224.
The time element, or lack of it, in the affidavit in and of itself does not invalidate the warrant. We do not find State v. Thompson, supra and State v. Loehr, supra to be conclusive of this issue. In those cases, there was a complete lack of the time element, or any suggestion of it. However, in Loehr, the Court conceded that in some cases the fact that contraband is present on the premises to be searched can be "inferred from the surrounding circumstances...." Id. at 926. And, in Thompson, the Court reiterated its earlier holding in State v. Boudreaux, 304 So.2d 343 (La.1974) wherein it held that an affidavit may be held adequate if a commonsense construction suggests the information is current and not stale.
In the instant case the informant told Officer Austin that defendant was in possession of marijuana, that he had seen the "weed" and that he was asked by the defendant to either buy some or locate a buyer and that more "weed" was available. This information clearly suggests the presence of marijuana at the Bundy Road address when the warrant was applied for, and there is no error on the failure to include a specific time element. The fact that the informant was requested to locate a buyer indicates on-going illegal narcotic activity at that address. Unlike the affidavits in Thompson and Loehr, the affidavit is not totally lacking in this regard.
We also reject defendant's argument that probable cause was lacking. As we noted earlier, this Court has applied the "totality of circumstances" test in evaluating whether there is probable cause to issue a search warrant. State v. Rattler, supra. That test requires the issuing magistrate "simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular case. And the duty of a reviewing court is simply to insure that the magistrate had a `substantial basis for... conclud[ing] that probable cause existed." Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332. The magistrate's determination of probable cause will be given great deference by a reviewing court, and the resolution of doubtful or marginal cases should be largely determined by the preference to be accorded to warrants. State v. Nix, 327 So.2d 301 (La.1975); State v. Rodriguez, 458 So.2d 528 (La. App. 4th Cir. 1984).
We find the circumstances confronting the issuing magistrate, as set forth in the affidavit, sufficient to justify the issuance of the search warrant. We quote the entire supporting affidavit:
"On 20 January 1987 in the mourning [sic] hours Det. Ronnie Austin was contacted by a confidential but un tested [sic] source of information. The source advised Det. Austin that a subject known to him as Claude Willis residing at 70001 Bundy Rd. Apt. E-15 was in possession of about 25 pounds of marijuana. The source was aware of this as he had been in the abode and had visiualy [sic] seen the `weed'. He further stated that Mr. Willis had asked him to either buy some or locate a buyer, adding that more `weed' was available.
Det. Austin learned through South Central Bell information that Claude Willis resided at 70001 Bundy Rd. and that his *1325 phone number was 246-7623. The Det. further learned through the New Orleans Computer Motion System that one Claude Willis was wanted for a traffic attachment warrant number 2323873 issued 23 April 1986 and for possession with intent to distribute a controlled dangerous substance warrant number 8511925J issued 15 August 1986. Mr. Willis' record additionaly [sic] indicated that Mr. Willis had been arrested 25 times with four convictions, the arrests included narcotics (marijuana and cocaine), and illegal weapons.
On 20 Jan. 1987 Det. Austin proceeded to the noted apartment and after placing himself in a covert position observed the following activities: At about 330pm an unknown black male wearing jeans and a light blue rain jacket approached the alcove leading to Apt E-15 on foot and knocked on the door. After about one minute this subject was admitted to the residence and remained inside for about five minutes, exited the residence with an air of apprehension, looked about several times and then departed lake bound on Bundy Rd. As this subject departed he appeared to look directly at Det. Austin, and then increased is [sic] gait eventualy [sic] jogging out of sight. The Det. fearing that his presence may have been compromised also departed the area.
Based on the information recieved [sic] from the source, Mr. Willis's criminal record least of which is the warrant for distribution of narcotics, along with the officers observations it is his belief that controlled and dangerous substances more particularly marijuana is being secreted in and distributed from the residence 70001 Bundy Rd. Apt. 3E-15 and respectfully request that a search warrant be issued for same."
We distinguish State v. McDonald, supra, because in that case the informant (although reliable) had no personal knowledge, whereas in the instant case the informant actually saw the contraband and was solicited by the defendant to either buy or find a buyer. Since the informant was "untested" Detective Austin independently obtained corroborating facts. He verified through reliable sources that Claude Willis did in fact reside at the subject apartment. He learned that defendant had an extensive criminal record, including narcotics violations and he also conducted a surveillance, although limited, which when considered with the other factors, could reasonably lead to the conclusion that narcotics were present at defendant's apartment.
We also distinguish State v. Rose, supra. In that case the issue was the sufficiency of probable cause in a warrantless arrest. There the state had the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. This Court held that because the state failed to prove the informant's reliability and because the officers observed no suspicious or illegal activity, there was no justification for the warrantless arrest. In the instant case the defendant bears the burden of proving the magistrate was in error in his determination of probable cause. In doing so he must not only overcome the deference accorded the magistrates decision, but also the preference accorded warrants. We conclude the defendant has not met the burden in this case. The facts and circumstances set forth in the affidavit support a fair probability that contraband would be found on the premises described.
We therefore affirm the trial court's finding of probable cause to issue the search warrant.
b) Incorrect Address
The location actually searched was 7001 Bundy Road, Apt. E-15 whereas the warrant identifies it as 70001 Bundy Road, Apt. E-15. Austin testified that the discrepancy in the warrant was due to a typographical error. Defendant argues that "misidentification" requires suppression of the evidence.
A search warrant must describe with particularity the place to be searched.
*1326 This reasoning is to prevent the search of the wrong place. State v. Smith, 397 So. 2d 1326 (La. 1981). In cases involving an incorrect address, the crucial question is whether the area searched is clearly the intended area for which the search warrant was secured. State v. Alexander, 337 So. 2d 1111 (La.1976); State v. Petta, 354 So.2d 563 (La.1983); State v. Ventry, 439 So.2d 1144 (La.App. 4th Cir.1983); writ den. 443 So.2d 589 (La.1983). However, where the police officers knowingly searched an entirely different premises than as described in the warrant, the Court suppressed the evidence because the warrant did not particularly describe the place to be searched. State v. Manzella, 392 So.2d 403 (La.1980). And, where the police officer changed the address in the warrant without the requisite amendments to the affidavit, the Court rejected the search warrant. State v. Lee, 247 La. 553, 172 So.2d 678 (1965).
In the instant case, Austin obtained and executed the warrant after physically observing the premises, setting up a surveillance and verifying that defendant resided there. There was very little, if any possibility, that the wrong premises would be searched. The typographical error of an additional "0" in the address does not invalidate the warrant.
c) The Manner of Entry
Code of Criminal Procedure Article 224 provides:
"In order to make an arrest, a peace officer who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest."
The provisions of this article are applicable to execution of a search warrant as well as an arrest. C.Cr.P. Art. 164.
Defendant argues that the failure of Detective Austin to follow the provisions of Louisiana's "knock and announce" law requires us to invoke the exclusionary rule and suppress the evidence. In support thereof, he cites numerous La.Supreme Court cases, beginning with State v. Christiana, 249 La. 247, 186 So.2d 580 (1966), cert. den. 385 U.S. 835, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966), wherein, in each case, the Court found that the circumstances of the arrest and/or search did not require compliance with the statute. In each case however, defendant argues that although the Court did not hold suppression as the remedy, there was a presupposition that suppression of evidence is required when the statute is violated. See, State v. Marrero, 363 So.2d 494 (La.1978); State v. Thomas, 329 So.2d 704 (La.1976); State v. Lane, 302 So.2d 880 (La. 1974); and State v. Thorson, 302 So.2d 578 (La.1974).
The State argues that exigent circumstances relieved Detective Austin of complying with Article 224, and, even absent those circumstances, a violation of Article 224 does not warrant suppression of the evidence. They rely on this Court's holding in State v. Viera, 449 So.2d 644 (La. App. 4th Cir.1984) and the U.S. Supreme Court case of Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).
In Viera, supra, the police used a tow truck to remove an iron door and broke into the wooden front door to gain entrance. There was no "knock and announce." The officers explained that their conduct was necessary because there was fear that the object of their search, marijuana, would be destroyed. Originally, twenty pounds of marijuana were seen, three were sold and seven additional sales were completed. This Court found that any remaining marijuana could have easily been destroyed, and thus the search was justified. However, the Court went on to say:
"Furthermore, even assuming that the unannounced, forced entry was unjustified, it would be illogical to conclude that this would warrant suppression of evidence *1327 seized pursuant to a valid search warrant." Id. at 647.
In Ker v. California, supra, the U.S. Supreme Court upheld the validity of a search absent the officers' compliance with California's "knock and announce" statute. In that case the court recognized the exception embodied in California's statute which excused compliance under certain exigent circumstances. The Court held:
"... that in the particular circumstances of this case the officers method of entry, sanctioned by the law of California, was not unreasonable under the standards of the Fourth Amendment...." 374 U.S. at 41, 83 S.Ct. at 1634.
The circumstances which existed in Ker included "the officers' belief that Ker was in possession of narcotics, which could be quickly and easily destroyed, [and] Ker's furtive conduct in eluding them shortly before the arrest was ground for the belief that he might well have been expecting the police." 374 U.S. at 40, 83 S.Ct. at 1633.
Although defendant forcefully argues exclusion is the proper remedy in this case, after review of the record we find the circumstances justify non-compliance with the statute. At the time of Austin's entry into the premises, he possessed the following information. He had information from an informant who had seen approximately twenty five pounds of marijuana at apartment E-15 7001 Bundy Road. He verified through reliable information that defendant, Claude Willis, resided there. His further investigation revealed that Claude Willis' criminal history included prior narcotics possession cases and that he was wanted for a traffic violation and for possession with intent to distribute a controlled dangerous substance.[2] In addition, Austin conducted a surveillance of the apartment on the same day he received the informant's call and observed a male enter the premises and quickly exit after several minutes. He also observed the visitor cautiously scan the scene, and when he apparently noticed Austin, began to increase his gait to a jog until he was out of sight. The warrant was obtained and executed the very next day.
Although we do not hold a "blanket exception" to exist in all searches for narcotics, we do consider the facts of this case sufficient to justify an unannounced entry into the apartment. Austin had a valid search warrant. It was reasonable for Austin to believe that to announce his identity would imperil a successful search and arrest since defendant was known to the police as having an extensive criminal record of drug activity and was wanted on an outstanding warrant. Austin reasonably believed that the visitor he observed discovered Austin's presence suggesting that the defendant could have been alerted. These factors, coupled with the possibility that the narcotics could have been hidden or destroyed, convince us the unannounced search was justified. The method of entry is sanctioned by Louisiana law, and is not unreasonable under the circumstances.
For the above and forgoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Johnson pled guilty to simple possession of marijuana reserving her right to appeal pursuant to State v. Crosby, supra. She has appealed her conviction to the Criminal District Court for the Parish of Orleans.
[2] Although it was later learned that this warrant was issued by Jefferson Parish because of Willis' failure to pay the balance on a fine from a misdemeanor marijuana conviction, we deem it important that Officer Austin's knowledge at the time of the entry is the controlling factor. That information was obtained through reliable police sources.