693 So.2d 282 (1997)
STATE of Louisiana
v.
Darrol THOMPSON.
No. 97-K-0368.
Court of Appeal of Louisiana, Fourth Circuit.
April 23, 1997.
Harry F. Connick, District Attorney, Orleans Parish, Allison Monahan, Assistant District Attorney, New Orleans, for relator.
Before CIACCIO, JONES and WALTZER, JJ.
WALTZER, Judge.

PROCEDURAL BACKGROUND
This matter comes before us to determine the correctness of the trial court's ruling that contraband be suppressed. The defendant's motion to suppress evidence was heard on 8 February 1996 and granted on 3 April 1996. After this first hearing the State of Louisiana filed a supervisory writ in this court and we denied the State's application. State v. Thompson, 96-0899 (La.App. 4 Cir. 7/10/96), unpublished. On review, the Supreme Court of Louisiana granted writs and in a per curiam opinion remanded the case to the district court for a hearing and determination of "whether the unannounced search was reasonable in view of any law enforcement interests that may have been present at the time. See Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995)." State v. Thompson, 96-2052 (La.11/15/96), 682 So.2d 745. The hearing was held on 22 January 1997, at the conclusion of which the court *283 again suppressed the evidence. The State now comes before this court seeking relief from this ruling.

FACTS
The initial suppression hearing held on 3 April 1996 revealed the following facts:
On 19 August 1995 police officers received a tip from a confidential informant that cocaine was being sold by a black male at 2509 Congress Street. The officers arranged for a controlled purchase from that address using the informant. While the officers watched, the informant bought one rock of cocaine for $10.00 from a woman standing inside of the residence. The officers then obtained a search warrant for the residence. Using a battering ram, the officers forced the door open preceding their 11 a.m. search. Upon entering, they saw a woman and man running toward the door. The man, later identified as the defendant Darrol Thompson, dropped a bag. While two officers detained the woman and Thompson, another officer retrieved the bag Thompson dropped. Inside the bag the officers found rocks of crack cocaine.
At the conclusion of the hearing the court suppressed the evidence based on the finding that the officers failed to "knock and announce" prior to using the battering ram to open the door to execute the search warrant. The State sought our supervisory jurisdiction; writs were denied by this Court, but the Supreme Court remanded the case for an evidentiary hearing to determine if there were any "law enforcement interests" that may have supported the officers' failure to knock prior to entering the house.
At the second hearing, an officer testified that the warrant for the house had been issued based upon a tip from an informant and an undercover purchase made by the informant. The officer testified that he and his fellow officers decided not to knock and announce prior to executing the warrant because they were concerned that the suspected drugs within could be destroyed before they could enter and that any occupants of the residence could have guns which could be used to injure the officers. The officer admitted that they had no knowledge that there were firearms in the residence; they merely thought there could be firearms in the residence based upon their experience that drug dealers often carried guns. The officer also admitted they had no information concerning the presence of a "lookout" who could warn any occupants of the residence about the officers' presence. He testified the person who used the battering ram usually announced the police presence as he hit the door, but he had no independent recollection of whether that happened in this case, and he agreed that if another officer testified that no announcement was made, that officer would have been correct.

DISCUSSION AND ANALYSIS
The State contends that the trial court erred by granting the suppression motion. It argues once more that the officers were justified in entering the house without knocking and announcing their presence, because they had a reasonable fear that they might be in danger or that those within the house might try to destroy evidence if they announced their presence.
LSA-C.Cr.P. art. 164 provides: "In order to execute a search warrant a peace officer may use such means and force as are authorized for arrest by Title V", the general articles which pertain to arrests. LSA-C.Cr.P. art. 224 provides:
In order to make an arrest, a peace officer who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest. (emphasis supplied).
The court below based its ruling on Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), where the Court held that the failure to "knock and announce" prior to entering a house to execute a warrant may, in the absence of special circumstances, violate the Fourth Amendment to the United States Constitution. The Court traced the origin of the "knock and announce" *284 rule to early common law and stated:
Our own cases have acknowledged that the commonlaw [sic] principle of announcement is "embedded in Anglo-American law," Miller v. United States, 357 U.S. 301, 313, 78 S.Ct. 1190, 1198, 2 L.Ed.2d 1332 (1958), but we have never squarely held that this principle is an element of the reasonableness inquiry under the Fourth Amendment. [footnote omitted] We now so hold. Given the longstanding commonlaw endorsement of the practice of announcement, we have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry into a dwelling was among the factors to be considered in assessing the reasonableness of a search or seizure. Contrary to the decision below, we hold that in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment.
Id. at 934, 115 S.Ct. at 1918. The Court further noted that under special circumstances, such as to prevent physical violence, the escape of suspects, or the destruction of evidence, an officer's failure to "knock and announce" prior to entering might not violate the Fourth Amendment.
As in its initial application to this court, the State cites earlier Louisiana cases where the failure to "knock and to announce" did not invalidate a search, but in each of these cases the State showed special circumstances which dispensed with the need for this announcement. Additionally, these cases were decided prior to Wilson`s holding that an unannounced entry may violate the Fourth Amendment. In State v. Thorson, 302 So.2d 578 (La.1974), the officers announced their presence, heard noises inside the residence, and then forced their way inside. The Court found such entry, after announcing, to be valid given the possibility that the drugs sought in the warrant might be destroyed after the residents became aware of the police presence. In State v. Thomas, 329 So.2d 704 (La. 1976), the officers kicked in the door of the residence and then announced their presence. The officers involved testified they had received a tip that the defendant had been armed each time a confidential informant had met with him. On appeal, the Court upheld the entry and subsequent search, finding that the unannounced entry was justified due to the fact that the heroin believed to be in the residence could have easily been destroyed.
In State v. Christiana, 249 La. 247, 186 So.2d 580 (1966), cert. den. Christiana v. Louisiana, 385 U.S. 835, 87 S.Ct. 77, 17 L.Ed.2d 68 (1966), the officers received information that the codefendant, who was implicated in many robberies, was in the defendant's private office. The officers had no information linking the defendant to any crime, but they believed that the codefendant had committed an armed robbery just prior to going to the defendant's office. The officers went to the defendant's office and entered unannounced, surprising both the codefendant and the defendant, who was found with evidence of a crime. On appeal, the Court upheld the unannounced entry, noting that the officers had information to believe that the codefendant was armed, and thus an announced entry could have placed the officers and possibly the defendant in jeopardy. In addition, an announced entry could have given the codefendant time to escape through the door. In that case the Court also briefly discussed whether the failure to "knock and announce" impinged upon a defendant's constitutional rights. However, Wilson v. Arkansas, supra informs that such failure may violate the Fourth Amendment.
In State v. Bretagnolle, 594 So.2d 1079 (La.App. 4 Cir.), writ den. 596 So.2d 556 (La.1992), officers intercepted a package in the mail and found it to contain drugs. They arranged a controlled delivery of the package and obtained a search warrant for the defendant's apartment, but the defendant was suddenly taken to the hospital. Upon his release, a second, uninspected package addressed to the defendant was intercepted, and the officers arranged to have both packages available for pickup in the apartment manager's office. The defendant eventually retrieved the packages and went to his apartment. The officers followed and knocked on the door. When no one responded, the officers used a passkey and *285 opened the door, shouting: "Police!" By the time the officers apprehended the defendant, he had flushed the contents of the first package, which he had discovered had been opened. On appeal, this court found that the entry prior to announcing but after knocking was valid, given the possibility that the defendant could have disposed of the contraband prior to the officers' entry. This court stated: "All the circumstances must be examined to determine if the force used in the execution of a warrant or the method of entry was unreasonable." Id. at 1082.
In State v. Johnson, 534 So.2d 1322 (La. App. 4th Cir.1988), writ den. 540 So.2d 326 (La.1989), a case not cited by the State, the officers obtained a warrant for an apartment, obtained a passkey, and went to the apartment. One officer knocked on the door, asking for the resident and identifying himself by his first name only. The defendant, who was inside the apartment, called through the door that the resident was not home and that she would not open the door unless the resident was there. The officers then used a passkey to enter the apartment. On appeal, the defendant contended the officers' entry, in the absence of their true identity, mandated the suppression of the evidence subsequently seized pursuant to the warrant. This court rejected this argument, finding that the officers were justified in entering without identifying themselves, based in part on the testifying officer's assertion that earlier that day someone who had exited the apartment had seen the officer watching the apartment. This Court reasoned that person may have alerted the resident to the surveillance, and thus an unannounced entry was justified. It must be noted that Johnson appears to hold that the fact that the officers had a warrant could have been sufficient reason to enter unannounced. However, given the Court's holding in Wilson v. Arkansas, supra, this fact alone would not justify an unannounced entry.
CONCLUSION
On remand the State did not present any circumstances particular to this case which would have justified the unannounced entry with a battering ram at 11 a.m. in broad daylight. The officer's testimony was directed to standard procedure and to circumstances which he and his fellow officers observe in many cases. Indeed, the officer admitted he and his fellow officers had no specific information concerning anyone in the residence being armed. Nor was there any indication anyone could have been in the residence who could have destroyed any evidence or that anyone was in a position to spot the officers and warn any occupants of the officers' approach.
The State's argument is unpersuasive, that the trial court ruling should be overturned because the facts in the instant case are similar to those in Wilson. This is so because Wilson had an extra factor which is not present in this case. In Wilson, the informant indicated the defendant waved a semiautomatic pistol in her face when she bought drugs from him and told her he would kill her if he found out she was working for the police. While recognizing this factor could be considered in determining if an unannounced entry was lawful, the Court nonetheless remanded the case to the Arkansas Supreme Court for its determination of the reasonableness of the entry.
Our Supreme Court remanded the case to the district court for its determination of "whether the unannounced search was reasonable in view of any law enforcement interests that may have been present at the time."
We agree with the trial court that the State could not present any factors special to this case which are not generally present in other cases where officers execute a search warrant for drugs. The State has failed to show the exceptional circumstances which warranted an unannounced entry and has presented no articulable reason why the police entered the premises unannounced with the aid of a battering ram.
WRIT APPLICATION GRANTED. RELIEF DENIED. JUDGMENT OF THE TRIAL COURT AFFIRMED.
CIACCIO, J., dissents.
CIACCIO, Judge, dissenting.
I respectfully dissent.
*286 The majority concludes that the State did not present any circumstances particular to this case to justify the unannounced entry by the police. It concludes that because the police officer testified that he and his fellow officers had no specific information concerning anyone in the residence being armed nor did they have knowledge of anyone acting as a lookout for police, nor was there any indication there was anyone in the residence who could have destroyed the evidence, the State failed to show exceptional circumstances which warrant an unannounced entry.
The majority's position would, in most instances, place the police in situations of great personal risk. Despite the overwhelming evidence of the inherent dangers associated with illegal drug activities, the majority would deny the police the right to forego "knock and announce" unless the police had specific information about the dangers of the dwelling to be searched and specific information about the danger posed by its occupants. In those cases in which such specific information in unavailable, the majority would force the police into the untenable position of subjecting themselves and others to extremely high risks of injury and even death.
I believe that exigent circumstances include a reasonable belief that announcement of police presence would endanger the safety of the police or others, or a reasonable belief that unannounced entry is required to prevent the destruction of evidence. When the police have a search warrant, supported by probable cause, to search a specific residence for evidence of sale, possession or distribution of drugs, they necessarily have reasonable cause to believe exigent circumstances exist. The very facts supporting probable cause to believe that drugs and drug dealers are present in a dwelling also lead to the reasonable belief that exigent circumstances exist. The rationale behind the rule of announcement is no longer valid in today's drug culture. The public's substantial interest in stopping or at least curtailing illegal drug trade and its related crimes, and the police officers' interest in protecting themselves and others from harm, far outweigh the minimal privacy interests of the occupants of a dwelling for which a valid search warrant has already been issued.
Unlike the majority, I find that exigent circumstances were present in the execution of the search warrant where the police had received information from the confidential informant that drugs were being sold from a specific address, immediately arranged for and observed a controlled purchase from that address, obtained a valid search warrant and executed the warrant all within a very short period of time. For this reason, I would reverse the ruling of the trial judge and deny the defendant's motion to suppress the evidence.