817 So.2d 158 (2002)
STATE of Louisiana
v.
Ernest NELSON.
No. 2001 KA 0725.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
Rehearing Denied May 9, 2002.
*159 Hon. Doug Moreau, District Attorney, Baton Rouge, for Appellee State of Louisiana, *160 By Therese Traylor, Assistant District Attorney, Baton Rouge.
Gwendolyn K. Brown, Baton Rouge, for Defendant/Appellant Ernest Nelson.
Before: FITZSIMMONS, DOWNING and LANIER,[1] JJ.
DOWNING, J.
Defendant, Ernest Nelson, was charged by bill of information with possession with intent to distribute cocainea violation of La. R.S. 40:967 A, possession of cocaine in excess of 28 grams but less than 200 gramsa violation of La. R.S. 40:967 F, and illegal carrying of a weapona violation of La. R.S. 14:95. Defendant pled not guilty to all charges. Prior to trial, the state amended the bill of information to dismiss the charge of possession of cocaine in excess of 28 grams but less than 200 grams. Defendant filed a motion to suppress the physical evidence and inculpatory statements, which was denied. Defendant was tried by jury and found guilty as charged on the remaining charges. Thereafter, the state filed an habitual offender bill of information. Defendant stipulated to second felony offender status and received concurrent sentences of fifteen years at hard labor for the possession with intent to distribute cocaine conviction and seven and one-half years at hard labor without benefit of parole, probation or suspension of sentence for the illegal carrying of weapons conviction. Defendant filed a motion to reconsider sentence, which the trial court also denied. In three assignments of error, defendant appeals his conviction. Defendant's assigned errors are as follows:
1. The court erred by denying defendant's motion to suppress physical evidence and inculpatory statements.
2. The court erred by denying the defendant's motion for mistrial when the state's witness testified about other crimes of the defendant.
3. Due to error patent, the conviction and/or sentence should be reversed.
Finding merit in defendant's first assignment of error for the reasons that follow, we reverse the judgment of the trial court, grant the motion to suppress, and remand for further proceedings.

FACTS
The hearing on the motion to suppress the physical evidence and inculpatory statements revealed the following facts:
Detective Duane Scrantz of the Baton Rouge Police Department, Narcotics Division, received information from a reliable confidential informant (C.I.) indicating that a black male known to C.I. as "Ernest" (defendant) was selling cocaine from his residence on East Grant Street in Baton Rouge ("the residence"). This confidential informant had worked with Det. Scrantz for approximately six months and had provided information that led to several narcotics arrests.[2] The C.I. indicated that he had been present in the residence and personally observed defendant sell cocaine to an unknown black male. The C.I. further informed Det. Scrantz that during his presence in the residence he observed a large quantity of cocaine. Based upon this information, on July 23, 1997, Det. Scrantz secured a warrant to search the residence.
Thereafter, on July 28, 1997, Det. Scrantz and several other officers proceeded *161 to the residence to execute the warrant. Upon entering the residence, the officers saw a man, later identified as defendant, running towards the back of the residence. The officers apprehended defendant and conducted a pat-down search for weapons. As a result of the pat-down search, approximately 26 grams of suspected cocaine were found in the left pocket of defendant's pants. Upon searching the residence, officers found and seized, among other things, approximately .2 grams of suspected marijuana, a Ruger semi-automatic 9mm handgun, and $659.00 in cash. Officers obtained statements from defendant and his wife wherein both individuals indicated that the cocaine, the gun, and the money belonged to defendant.
Seeking to avoid immediate arrest, defendant offered to serve as a confidential informant and assist the officers in building a case against his supplier. The officers accepted the offer of assistance and did not immediately arrest defendant. However, defendant was later arrested when he failed to cooperate with officers as agreed.

PATENT ERROR
In his third assignment of error, defendant requests a review of the record for patent errors. This court routinely reviews the record for errors patent, whether or not such a request is made by defendant. Under La.C.Cr.P. art. 920(2), our patent error review is limited to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible patent errors.

DENIAL OF MOTION TO SUPPRESS
By his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress the physical evidence and inculpatory statements. In support of this assignment defendant asserts three arguments. First, defendant argues that probable cause to support the search warrant no longer existed when the warrant was executed five days after its issuance. Next, defendant argues that in executing the search warrant, the police officers exerted unreasonable force in "busting down" the door to the residence. Finally, defendant argues that because the search of his residence was illegal, the statements obtained from defendant and his wife at the time of the search were fruits of the illegal search and must be suppressed.

STALENESS OF SEARCH WARRANT
In his first argument, defendant challenges the timeliness of the execution of the search warrant. Specifically, defendant contends that the five-day delay between the issuance and execution of the search warrant made it unreasonable to believe that contraband would still be on the premises at the time the warrant was executed. Thus, he argues the underlying probable cause supporting the warrant no longer existed.
In Louisiana, the time for executing a search warrant is limited by statute. Louisiana Code of Criminal Procedure article 163 provides that a "search warrant cannot be lawfully executed after the expiration of the tenth day after its issuance." The search warrant in this case was issued on July 23, 1997, and executed within the statutory time limit on July 28, 1997. Clearly, the execution of the warrant five days after its issuance does not violate the ten-day limitation of La.C.Cr.P. art. 163.
Constitutional limitations also restrict the time in which a search warrant can be executed. Notwithstanding compliance with Article 163, a delay in the execution of a warrant may be constitutionally *162 impermissible. State v. Bruno, 427 So.2d 1174, 1177 (La.1983). See U.S. Const. amend. IV; La. Const. art. I, § 5. With regard to these constitutional provisions, the validity of the search warrant depends upon whether or not the probable cause recited in the affidavit continues until the time of execution of the warrant. Bruno, 427 So.2d at 1177. A warrant may become stale if facts and circumstances at the time of its execution show that probable cause no longer exists. See State v. Ogden, 391 So.2d 434, 437 (La.1980). Thus, staleness is only an issue when the passage of time makes it doubtful that the object sought in the warrant will be at the place where it was observed. State v. Tate, 407 So.2d 1133, 1137 (La.1981).
In this case, probable cause for the issuance of the warrant to search the residence was based upon information provided in the accompanying affidavit.[3] The affidavit, sworn to by Det. Scrantz, contained a description of the residence (address) and provided, in pertinent part, as follows:
Affiant states that within the past 24 hours, a reliable confidential informant had occasion to be inside said residence, and observed a black male known to C.I. as Ernest, to be in possession of a large quantity of cocaine. During this time period while being inside the residence, C.I. observed Ernest to hand a[sic] unknown black male some purported cocaine, as the b/m, then handed Ernest some money. C.I. also heard Ernest to advise the purchaser that the cocaine was in fact good cocaine, and to return anytime in order to purchase anymore cocaine. C.I. further advise [sic] that Ernest resides at the residence. Affiant requests that due to the easy concealment of cocaine, that this warrant include any persons/vehicles present during its execution. Affiant advises the court that this particular C.I. has worked under affiants [sic] direct supervision for the past 6 months, which led to at least 3 people being arrested for illegal narcotics, which were verified by the L.S.P. Crime Lab. C.I. pointed out said residence to Affiant. Affiant checked services which came back to a Carol H. Kimble. (Emphasis added.)
At the motion to suppress hearing, while Det. Scrantz admitted that surveillance of the residence was not maintained following the issuance of the search warrant, he testified that he had reason to believe that drug activity at the residence was ongoing based upon a prior controlled transaction at the residence, wherein the C.I. purchased narcotics from the defendant at the residence.[4] He also testified that the C.I. indicated that he had been present at the residence when defendant sold cocaine to an unknown individual and invited the individual to return to the residence "anytime" additional drugs were needed.
We conclude that the information presented in the affidavit and the testimony of Det. Scrantz adequately supports a finding that the probable cause that existed to support the issuance of the search warrant still existed on the day the search warrant was executed. The C.I.'s observation of a large quantity of cocaine in the residence, and his information regarding defendant's invitation to the unknown purchaser to return to the residence "anytime" for future narcotics purchases, clearly indicate *163 ongoing commercial drug activity. Additionally, the fact that the C.I. visited the residence and purchased drugs from defendant in a controlled buy approximately two weeks earlier further substantiates a finding of continuous drug dealing at the residence. Therefore, we find the facts and circumstances in this case provide sufficient probable cause that narcotics would still be present at the residence five days after the issuance of the warrant. Accordingly, we find no error in the trial court's denial of the motion to suppress on this ground. This assignment of error lacks merit.

EXECUTION OF SEARCH WARRANT
Next, defendant argues that the officers used unreasonable force in executing the warrant by "kicking in" the front door of his residence prior to knocking and announcing their presence and/or intentions. Based upon the use of such unreasonable force without justification, defendant contends the evidence seized from the residence should have been suppressed. In response, the state avers that the officers were justified in entering the house without knocking and announcing their presence based upon the officers' reasonable belief that weapons would be present in the residence, and that the drugs could be disposed of easily and quickly.
Louisiana Code of Criminal Procedure art. 164 allows a peace officer executing a search warrant to use such means and force as is authorized for an arrest. Louisiana's knock-and-announce requirement pertaining to arrests is found in La.C.Cr.P. art. 224, which provides:
In order to make an arrest, a peace officer, who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest.
At a hearing on the motion to suppress, Det. Scrantz's recollection of the circumstances surrounding the execution of the search warrant was poor. He testified that upon approaching the residence to execute the warrant, he did not observe anyone outside nor did he hear any sound coming from inside the residence. However, he did not recall whether he or the other officers knocked and announced their identities prior to entering the residence. Nor did he recall if any force was used in entering the residence.
Det. Herbert Anny, of the Baton Rouge Police Department, also testified at the hearing. Like Det. Scrantz, Det. Anny did not recall whether the officers used force in gaining entry into the residence.
Three individuals who were present in the residence when the officers entered testified for the defense at the suppression hearing. The witnesses consistently testified that the officers forcefully kicked or busted in the door of the residence without knocking. The only inconsistency in the testimony of these witnesses is where one witness, Wanda Nelson, indicated that the officers yelled, "Police" after busting in the door, while the remaining two witnesses testified that no announcement was made prior to, or after the forced entry.
In denying defendant's motion to suppress, the trial court found that the officers did, in fact, utilize force in entering into the residence. However, the court held that although the officers used force in gaining entrance into the residence, this did not rise to the level of a Fourth Amendment violation.
*164 The United States Supreme Court, in Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), held that the failure to "knock and announce" prior to entering a house to execute a warrant may, in the absence of special circumstances, violate the Fourth Amendment's protection against searches and seizures. Recognizing that not every entry must be preceded by an announcement, the Court held that the knock-and-announce principle should form a part of the Fourth Amendment reasonableness inquiry. "The Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." Wilson, 514 U.S. at 934, 115 S.Ct. at 1918.
A few years later, in Richards v. Wisconsin, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), the Court rejected the application of a blanket exception to the knock-and-announce requirement in felony drug cases. The Court held that officers may dispense with the knock-andannounce requirement when they "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing destruction of evidence." Richards, 520 U.S. at 394, 117 S.Ct. at 1421. Whether circumstances existed at the time of the entry, and whether these circumstances justify the extent of the noncompliance with the knock-and-announce requirement is determined by an analysis of the facts of each case. For a no-knock search to pass constitutional muster, police officers must have some particularized basis for their reasonable suspicion. State v. Miskell, 98-2146, p. 6 (La.10/19/99), 748 So.2d 409, 413, citing, Richards, and United States v. Grogins, 163 F.3d 795, 797 (4 Cir.1998).
We are of the opinion that the holding in Richards should be reversed. Judges know that in all felony drug cases guns may be present and drugs may be destroyed. The court in Richards concluded that "[i]t is indisputable that felony drug investigations may frequently involve both of these circumstances." Richards v. Wisconsin, 520 U.S. at 391, 117 S.Ct. at 1420. However, the Court rejected an exception based on the "culture" surrounding a general category of criminal behavior.
The Supreme Court requires an officer to recite into evidence what every judge knows and what it finds "indisputable." This creates a dangerous trap for law enforcement. If they knock, they run the risk of death. See State v. Johnson, 27,522 (La.App. 2 Cir. 12/6/95) 665 So.2d 1237 where just a delay in executing a "noknock" entry resulted in the death of one police officer and the injury of another. If they don't knock, they run the risk that the case may be thrown out of court, as in this case, and that another drug dealer will be returned to the street on a technicality. The following views found in the excellent dissenting opinion of Judge Ciaccio in State v. Thompson, 97-0368, p. 3 (La.App. 4 Cir. 4/23/1997), 693 So.2d 282, 286 are pertinent:
The majority concludes that the State did not present any circumstances particular to this case to justify the unannounced entry by the police. It concludes that because the police officer testified that he and his fellow officers had no specific information concerning anyone in the residence being armed nor did they have knowledge of anyone acting as a lookout for police, nor was there any indication there was anyone in the residence who could have destroyed the evidence, the State failed to show exceptional *165 circumstances which warrant an unannounced entry.
The majority's position would, in most instances, place the police in situations of great personal risk. Despite the overwhelming evidence of the inherent dangers associated with illegal drug activities, the majority would deny the police the right to forego "knock and announce" unless the police had specific information about the dangers of the dwelling to be searched and specific information about the danger posed by its occupants. In those cases in which such specific information in [sic] unavailable, the majority would force the police into the untenable position of subjecting themselves and others to extremely high risks of injury and even death.
I believe that exigent circumstances include a reasonable belief that announcement of police presence would endanger the safety of the police or others, or a reasonable belief that unannounced entry is required to prevent the destruction of evidence. When the police have a search warrant, supported by probable cause, to search a specific residence for evidence of sale, possession or distribution of drugs, they necessarily have reasonable cause to believe exigent circumstances exist. The very facts supporting probable cause to believe that drugs and drug dealers are present in a dwelling also lead to the reasonable belief that exigent circumstances exist. The rationale behind the rule of announcement is no longer valid in today's drug culture. The public's substantial interest in stopping or at least curtailing illegal drug trade and its related crimes, and the police officers' interest in protecting themselves and others from harm, far outweigh the minimal privacy interests of the occupants of a dwelling for which a valid search warrant has already been issued.
However, even if we disagree with the U.S. Supreme Court in Richards v. Wisconsin, 520 U.S. at 391, 117 S.Ct. at 1420, we must obey the holding. State ex rel. Johnson v. McGougan, 433 So.2d 827, 832 (La.App. 1 Cir.1983).
Upon a thorough review of the record in this case, we find no evidence indicating that the officers had knowledge of any exigent circumstances particular to this case that would warrant the no-knock entry to execute the warrant. At the suppression hearing, Det. Scrantz testified that the basis for the search warrant was information provided by the C.I. indicating that defendant was in possession of a substantial amount of drugs and was selling the drugs from the residence. Det. Scrantz and Det. Anny testified that upon approaching the residence, they did not observe anyone present outside of the residence and could not determine what was going on inside the residence. Both detectives testified that they were unable to recall if there was any information provided by the C.I. indicating the presence of weapons in the residence. The only evidence contained in the record regarding the possibility of weapons being present in the residence is Det. Scrantz's general testimony that based upon his experience, "where there's narcotics, there's usually weapons."
Therefore, we find the state contention that the officers were justified in dispensing with the knock-and-announce requirement to be unsupported by the record under controlling jurisprudence. The record in this case is devoid of any evidence suggesting that the officers had knowledge of any exigent circumstances to warrant the no-knock entry to execute the warrant. For instance, the officers had no specific information indicating the presence of weapons in the residence. Nor did the *166 officers have knowledge that defendant or anyone else in the residence was violent and/or known to carry weapons. There was no indication that anyone was hanging outside of the residence or in a position to serve as a lookout to alert the occupants of the officers' presence. Nor was there any indication that the narcotics were readily accessible and could be disposed of easily.
Based upon the evidence in the record before us, we find that the state failed to present any circumstances particular to this case that would have legally justified the unannounced forced entry into defendant's residence. The officers' general suspicion that drugs and weapons co-exist, without any particularized evidence, is legally insufficient to warrant an unannounced forcible entry into a residence to execute a warrant. See State v. Stewart, XXXX-XXXX, p. 8 (La.App. 4 Cir. 5/2/01), 785 So.2d 1053, 1057-1058; State v. Thompson, 97-0368, p. 7 (La.App. 4 Cir. 4/23/97), 693 So.2d 282, 285. The officers were required to comply with the knockand-announce requirement before entering defendant's residence, and their failure to do so violated the Fourth Amendment of the United States Constitution. Therefore, we find that the trial court erred in failing to suppress the physical evidence and inculpatory statements obtained as a result of the illegal search.
Because we hold that the trial court erred in denying the motion to suppress the physical evidence and inculpatory statements, we pretermit discussion of the second assignment of error.

CONCLUSION
Accordingly, the trial court's ruling denying defendant's motion to suppress is reversed and the motion to suppress is granted. The convictions and sentences are vacated and the case is remanded to the trial court for further proceedings.
REVERSED. MOTION TO SUPPRESS GRANTED. CONVICTIONS AND SENTENCES VACATED. REMANDED FOR FURTHER PROCEEDINGS.
FITZSIMMONS, J., concurs in the result and assigns reasons.
FITZSIMMONS, Judge, concurring with reasons.
I respectfully concur in the result reached by the majority to reverse the trial court judgment; however, I disagree with the legal basis of the reversal. It is submitted that the majority should not have granted the motion to suppress based on the "no-knock" entry; instead, a mistrial should have been granted on the grounds of the improper admission of "other crimes" evidence.
Officer Scrantz's reference to a drug supplier from whom the defendant was getting his cocaine resulted in an overriding prejudicial effect that could not be cured by an admonition to the jury. State v. Prieur, 277 So.2d 126, 128 (La.1973). A prejudicial remark by an experienced police officer should be viewed with considerable concern as to the fairness of the trial and may require the granting of a mistrial, especially if the remark was precipitated by, or should have been anticipated by, the district attorney. Such is the case at hand, and the trial court abused its discretion because the defendant was effectively deprived of a fair trial. La.C.Cr.P. art. 771; State v. Jack, 554 So.2d 1292, 1296 (La.App. 1st Cir.1989); writ denied, 560 So.2d 20 (La.1990).
As noted above, I also respectfully disagree with the majority's reversal on the basis of the no-knock entry. The confidential informant had witnessed a sale of drugs to another person by the defendant in his home, and the purchaser was told to *167 return to the residence "anytime" additional drugs were needed. These facts establish proof of ongoing commercial drug activity. Such factual circumstances also constitute a particularized basis for the police officers' reasonable suspicion that an announcement would inhibit the effective investigation of the crime, allow the destruction of evidence and potentially create a dangerous situation for the officers. Please see State v. Johnson, 665 So.2d 1237, 1250 (La.App. 2 Cir.1995), wherein a mere delay in executing a "no-knock" entry resulted in the death of one police officer and the injury of another. The unannounced entry pursuant to the special circumstances of this case is, therefore, consistent with the United States Supreme Court's rejection of a blanket exception to the knock-and-announce requirement in felony drug cases.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defendant does not challenge the reliability of the confidential informant in this appeal.
[3] In this appeal, defendant does not challenge the issuance of the search warrant as lacking probable cause.
[4] In an effort to protect the identity of the C.I., and because more than 24 hours lapsed following the transaction, Det. Scrantz did not utilize the controlled buy as a basis for probable cause for the search warrant.